Ashhurst *v.* Field's administrator.

HENRY ASHHURST and others

*v.*

RICHARD S. FIELD'S administrator and others.

One to whom money is paid and who receives it believing that it is his due, is not liable for interest upon it before demand made and refusal to pay, nor until he shall have reason to be satisfied that he ought to repay it, and shall know to whom he should pay it.

On exception to master's report.

*Mr. E. Spencer Miller,* of Philadelphia, for complainants.

*Messrs. Cortlandt Parker, George Northrop,* and *Richard S. Jenkins,* for William H. Potter.

THE CHANCELLOR.

Numerous exceptions have been filed for William H. and John Potter, to the master's report made under the order of the 5th of January, 1875, but only one of them, the eighth, was argued. By that they except to the charge made against William H. Potter, of interest on the interest received by him on the securities· delivered to him by Mr. Field, as the shares of himself and his brother John, of the accumulations of what is called in the cause "the reserved fund." William was the owner, not only of the share of that fund given to him by the will of his father, but also of that given thereby to John. The securities, which were so received by him

from Mr. Field, and for which he is very properly required to account, (*Ashhurst* v. *Field's adm'r.*, 11 *C. E. Gr.* 1,) were delivered to him by Mr. Field, the trustee, as his just due, as the shares of the accumulations of the reserved fund, to which, in his own original right and as assignee of his brother's share, he was entitled. At the time of the delivery of the securities by the trustee to him, there was a *devastavit* of the trust estate, but there is no evidence whatever that he was aware of the fact. On the other hand, it appears that he had reason to suppose that he was fairly and honestly entitled to them. The trustee was a distinguished lawyer. He kept the accounts of the trust himself, and confined the knowledge of the state of the accounts to himself. He was abundantly able to ascertain whether the accumulations existed, and if so, whether William was entitled to a share of them, and to what share, and William was justified, in the absence of any ground of suspicion, in relying upon his statement and assurance in the premises. He undoubtedly was informed by the trustee that the shares of his sisters would be augmented correspondingly. There is no reason to suppose that he had any ground even for suspicion that a *devastavit* had been or was being committed.

The receipt given to the trustee by William, of itself excludes the idea of any fraud or collusion, or even knowledge or suspicion of waste, on the part of William. The Camden and Amboy Railroad bonds ($20,000) were received by him on the 1st of April, 1867, and the stock on the 10th of March, 1870. The trustee died in the month of May, 1870. The bill in this cause was filed June 7th, 1870. The litigation has made evident the fact, that by reason of the trustee's waste of the estate, William was not entitled to the securities. This litigation, however, was necessary to establish the fact. Under the circumstances he should not be required to pay interest on the interest received by him. One to whom money is paid as his due, and who receives it believing that it is his due, is not liable for interest upon it before demand made and refusal to pay, nor until he shall

have reason to be satisfied that he ought to repay it, and shall know to whom he should pay it. *King* v. *Diehl*, 9 *S. & R.* 409, 422. The eighth exception will be allowed. The other exceptions will be overruled. There will be no costs of the exceptions on either side.

The allowance recommended by the master for costs of suit, fees of counsel, accountants' services, and other expenses, is a reasonable and proper sum.