Albert during his life and after his death to his issue or widow absolutely. The property over which this controversy arose was real estate belonging to the testatrix and situated in Westchester county. Her son. Edwin and his wife commenced this action for a partition of the real estate. Their complaint was dismissed at Special Term on the ground that there was an imperative power of sale in the will and that the real estate became, by virtue of such power of sale, personal property at the time of the death of the testatrix. The principal question on appeal was as to whether equitable conversion *per se* constituted a bar to partition.

*William C. Prime* and *Lanman Crosby* for appellants.

*Jerome A. Peck, Frederick G. Schmidt, Clinton T. Taylor* and *Ward B. Chamberlin* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and CRANE, JJ.

---

CITY OF BUFFALO, Respondent, *v.* COUNTY OF ERIE, Appellant.

*City of Buffalo* v. *County of Erie,* 171 App. Div. 973, affirmed.
(Argued January 26, 1917; decided February 9, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1915, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury in an action to recover certain moneys paid to the treasurer of the county of Erie by the various banking institutions in the city of Buffalo as tax on bank stocks during the time and years from 1902 to 1910 and alleged to have been retained by the county in violation of the provisions of the Tax Law. The money is a portion of such tax paid by said various banks pursuant to the provisions of sections 23 and 24 of the Tax Law.

The dispute arises out of an alleged erroneous interpretation of the statute by the board of supervisors of the county of Erie, in treating during the years stated, the county of Erie as a tax district within the provisions and terms of said sections 23 and 24 of the Tax Law, and as such, entitled to share in the distribution of the tax on bank stock according to the proportion that the state and county tax rates bore to the aggregate tax rates within the city of Buffalo for the respective years.

*Thomas A. Sullivan* and *Asher B. Emery* for appellants.

*William S. Rann, Corporation Counsel (Harry D. Sanders* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and CRANE, JJ.

---

FRANK DUKE, Respondent, *v.* THE AMERICAN MUSEUM OF NATURAL HISTORY, Appellant.

*Duke* v. *American Museum of Natural History*, 163 App. Div. 884, affirmed.

(Argued January 26, 1917; decided February 9, 1917.)

APPEAL, by permission, from a judgment of the appellate Division of the Supreme Court in the first judicial department, entered May 6, 1914, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant, his employer. The plaintiff was injured in the museum building at Seventy-seventh street and Central Park West, borough of Manhattan, New York city, while engaged with a number of other men in lowering an exhibit consisting of a plaster cast attached to a wooden frame or screen from a vertical to a horizontal position on the floor. After the screen had been shifted or tilted