VILLAGE OF ELMIRA HEIGHTS, Respondent, *v.* TOWN OF HORSE-HEADS, Appellant.*

Third Department, December 30, 1931.

*Bentley & Bush [Frederick Collin, Halsey Sayles and Henry Bush of counsel], for the appellant.*

*McDowell & McDowell [Robert P. McDowell and Astury H. Harpending of counsel], for the respondent.*

VAN KIRK, P. J. The action is to recover money had and received. Under article 9-A of the Tax Law a franchise tax on corporations doing business in this State had been assessed and paid and one-third thereof (Tax Law, § 219-h) distributed by the Comptroller to the treasurers of the several counties of the State. The treasurer of Chemung county received its portion. Defendant is a town in

* Affg. 140 Misc. 147.

that county. Plaintiff is a village partly in the town of Horseheads. A part of this tax had been collected in the years 1921 to 1925, inclusive, from corporations which had their principal offices in that portion of the village which is in the town of Horseheads.

Plaintiff alleges and the evidence establishes that a portion of this money received by the county treasurer of Chemung county belongs to the plaintiff; that the county treasurer paid this portion or a part thereof to the defendant; that plaintiff has made demand upon defendant for this portion to the amount set forth in the complaint; that defendant has refused payment; that plaintiff filed a claim therefor with the town board of defendant, which was rejected. This action is brought to recover that amount. This amount is fixed by the Tax Law, section 219-h.

This section provides that the moneys received as above stated shall be distributed " in accordance with the following rules:

" 1.   *   *   *

" 2.   *   *   *

" 3.   *   *   *

" 4. In making such payment to a county treasurer, the State Comptroller shall indicate the portion thereof to be credited to any city or town within the county on account of the location therein of its [the corporation's] principal financial office or property as determined by the preceding subdivisions, and if such principal financial office or property is located in a village shall indicate the village in which it is located;   *   *   *   if such principal financial office or property is located in a village, there shall be paid to such village as hereinafter provided such a part of the entire amount credited to the town as the entire amount of taxes raised by said village, or portion thereof in said town, during the preceding calendar year for village and town purposes bears to the aggregate amount so raised by the town and village during the preceding calendar year for town and village purposes."

The first question presented is the meaning of the expression therein, " as the entire amount of taxes raised by said village, or portion thereof in said town, during the preceding calendar year for village and town purposes." The learned official referee has held that the word " by " is to be construed as " in; " and we concur with this view. The statute could not mean " raised by said village " for town purposes; a village raises no taxes for " town purposes." A town alone raises taxes for town purposes on village property located in the town. Such taxes are raised in the village, but not by the village. The words of the statute are inapt if no part of the town taxes, raised in the village on village property, is

to be considered as part of the " entire amount of taxes raised by said village." The defendant contends that the word " by " may not be construed to mean " in." If this contention prevails, the words " and town " must be deleted, and the word " entire " would have no significance. Fully expressed, the wording would be, " raised by said village or by the portion thereof in said town." A portion of a village of course raises no taxes. Interpreting the word " by " to mean " in," we find a perfectly clear expression of intention and all the words have meaning. This is the construction which was placed upon the statute by the Attorney-General in 1926 and which was communicated to all county treasurers by the Comptroller. (*Rules for Apportioning Franchise Tax*, 36 State Dept. Rep. 569.) This construction has been followed in apportioning such taxes since 1925. Accepting this construction, the defendant without dispute has money to which plaintiff is entitled, of which it is the owner.

But defendant contends that nevertheless this action may not be maintained:

*First*, because the investigation and determination of the county treasurer was judicial in its character and its determination was a judgment which cannot be collaterally attacked.

*Second*, the court has not jurisdiction of the subject-matter of this action.

The determination of the county treasurer was not a judgment which may not be attacked collaterally. No judicial function was involved in determining the amount due plaintiff. (*City of Buffalo* v. *County of Erie*, 88 Misc. 591; affd., 171 App. Div. 973; affd., 220 N. Y. 620; *People ex rel. Schau* v. *McWilliams*, 185 id. 92, 95.) The county treasurer followed the advice of the Attorney-General and Comptroller in fixing the amount due the village. His determination was not one of a judicial or quasi judicial tribunal. A civil officer or agent of the government performs no judicial function as that term is properly applied when he simply performs duties imposed upon him by statute. (*People ex rel. Schau* v. *McWilliams, supra.*) The county treasurer's acts were ministerial. He received the fund from the Comptroller, who indicated to him the portion to be credited to the town, and, since the office and property of the corporations assessed are in a village, the Comptroller indicated the village. (Tax Law, § 219-h.) This fund belonged in part to the town and in part to the village. The statute instructed him how to determine and separate these parts. His duty was to obey the statute. There was no disputed question of fact to be decided. There was no question as to the location of the boundary lines of town or village. The assessment rolls of

the town and village were public records which for his purpose he must accept. Comparison of the two rolls would show the amount of taxes raised for town purposes on property located in the village; also the amount of village taxes raised in the town of Horseheads. Having this information, the portion of the fund which belonged to the village was determined by a mathematical calculation. In our view, therefore, there was no judicial function involved in making the apportionment. (*People ex rel. Village of Cobleskill* v. *Supervisors*, 140 App. Div. 769, 773; *People ex rel. Schau* v. *McWilliams, supra.*)

The court has jurisdiction of the subject-matter of this action. The legal rights of the plaintiff were mistakenly disregarded by the county treasurer. The portion of the fund which the statute awarded to the village was its property from the time it was collected. There was no rival claimant to it. The town had no right in it. The county treasurer received the money for the sole purposes specified in the statute. The town has received more than it was entitled to. It ought in justice to restore this amount to its rightful owner and the village may maintain this action to recover it. (*People ex rel. Schau* v. *McWilliams, supra; City of Buffalo* v. *County of Erie, supra.*) In *Cary* v. *Curtis* (3 How. [U. S.] 236, 249) are stated the principles on either of which an action for money had and received may be maintained. The first is, " Whenever the defendant has received money which is the property of the plaintiff and which the defendant is obliged, by the ties of natural justice and equity, to refund." This case comes within this rule or principle. The defendant received plaintiff's money without consideration and without right through the error of the distributing agency. From no other source can the village be reimbursed for its loss. When the Comptroller paid the money to the county treasurer the State's liability was discharged. An action may not be maintained against the treasurer personally. (*Strough* v. *Board of Supervisors*, 119 N. Y. 212, 219; *Bridges* v. *Board of Supervisors of Sullivan County*, 92 id. 570; *Hathaway* v. *Town of Cincinnatus*, 62 id. 434.)

The village is not estopped because it without protest accepted the amount paid it. If our construction of the statute is correct the amount claimed by plaintiff was concededly its property. No readjustment could change that amount. (*People ex rel. Village of Cobleskill* v. *Supervisors, supra.*)

It follows that the determination of the county treasurer is not *res adjudicata* and the court was not barred from hearing and determining the case; nor is this court without jurisdiction. The

certiorari proceeding in which the order referred to in defendant's point 4 was made was discontinued without prejudice by an order of the court.

Interest was properly allowed. (Civ. Prac. Act, § 480, as amd. by Laws of 1927, chap. 623; Id. § 481.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.