VILLAGE OF ELMIRA HEIGHTS, Respondent, *v.* TOWN OF HORSEHEADS, Appellant.

(Argued June 8, 1932; decided July 19, 1932.)

508

*Frederick Collin, Halsey Sayles* and *Henry Bush* for appellant.

*Robert P. McDowell* and *Asbury H. Harpending* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, Ch. J., KELLOGG, HUBBS and CROUCH, JJ. CRANE, J., dissents in the following opinion in which O'BRIEN, J., concurs; and LEHMAN, J., dissents and votes to reverse and to dismiss the complaint.

CRANE, J. (dissenting). Under the authority of *Strough* v. *Board of Supervisors* (119 N. Y. 212) and *City of Buffalo* v. *County of Erie* (88 Misc. Rep. 591, opinion by Judge WHEELER; affd., 171 App. Div. 973, and 220 N. Y. 620) this action can be maintained by the village of Elmira

Heights to recover from the town of Horseheads the amount of money which the County Treasurer by mistake paid to the town instead of to the village, pursuant to section 219-h of the Tax Law (Cons. Laws, ch. 60).

The interest amounts to quite a sum — $11,422.07. Interest on $3,984.48 ran from July 17, 1923; on $15,657.02, from August 14, 1924; and on $9,491.86 from August 10, 1925. Exception was duly taken to this award of interest.

The appellant claims that the amount was unliquidated, and that interest could only be computed from the time of the referee's report; and that section 480 of the Civil Practice Act, as amended April 4, 1927, can have no retroactive effect upon unliquidated damages. We think these damages were liquidated, as the amount could be ascertained from computation. While it would require the gathering of record data, such as the limits of the village of Elmira Heights within the town of Horseheads, and the ascertainment of the amount of taxes raised in this part of the village for village and town purposes, and also the ascertainment of the amount of taxes raised in the town, in order to get the proper proportions and the divisional rate, yet we think this all comes within the rule as stated in *Excelsior Terra Cotta Co.* v. *Harde* (181 N. Y. 11, 14): " While the old common-law rule has been modified, which required that a demand should be liquidated, or its amount ascertained, before interest could be allowed, the extent of its modification is that if the amount due is capable of being ascertained by mere computation, the allowance of interest is proper."

The amount overpaid by the County Treasurer to the town of Horseheads could be ascertained by computation, although it would require some extensive figuring. The amount due, therefore, being liquidated, the question as to the application of section 480 of the Civil Practice Act does not arise.

Under another rule, however, the allowance of interest was erroneous, and the judgment should be modified by a proper deduction. Whether the amount due from the

town of Horseheads was liquidated or unliquidated, interest will not run until a proper demand has been made for the return of the overpayment. The rule is of universal application that where money has been voluntarily paid by mistake and in good faith, the obligation to refund the money does not arise until after notification of the mistake and a demand of payment. (*Southwick* v. *First Nat. Bank*, 84 N. Y. 420, p. 430.) In *Commonwealth* v. *Newton Township* (276 Penn. St. 172), where a township collected payments which were due to the State, the court held, and said: " There is nothing to show want of good faith, and, under any fair construction, interest should not be allowed until demand, here made when this suit was brought. The court was in error in allowing interest from the several dates of payment to the township."

In *Ashhurst* v. *Field's Administrator* (28 N. J. Eq. 315) the chancellor said: " One to whom money is paid as his due, and who receives it believing that it is his due, is not liable for interest upon it before demand made and refusal to pay, nor until he shall have reason to be satisfied that he ought to repay it, and shall know to whom he should pay it."

To the same effect, *Gould* v. *Emerson* (160 Mass. 438).

The proportion adopted in the interpretation of article 9-A of the Tax Law, section 219-h, subdivision 4, gave to the town of Horseheads a larger amount than it was entitled to. The method of computation was adopted upon the opinion of the Attorney-General and Tax Commission and followed for a number of years. Not until this action was it judicially determined that this computation was erroneous, and that in ascertaining the proportion of the tax moneys which should go to the villages, one side of the equation should include the moneys raised in the village, or the proportion thereof in the town, for village and town purposes, instead of the amount for village purposes only. Under this determination the village is entitled to a larger share than it has received of the tax moneys deposited by the Comptroller with the County

Treasurer, pursuant to the Tax Law. For a period of six or more years the town has been overpaid, in good faith and without any knowledge that the law was not being strictly followed. The money was paid voluntarily by the County Treasurer under the advice of the Attorney-General and received by the town in good faith. Under these circumstances the town was not obliged to pay back the money until demand had been made upon it. No demand was made until the certiorari proceedings, August 30, 1926. This is the only demand which the plaintiff proved in this case.

The judgment, therefore, should be modified by allowing interest from August 30, 1926, and not before.

The judgment appealed from should be modified by striking out the allowance of interest therein contained, and awarding interest on the amounts found to be due, running from the 30th day of August, 1926, and as so modified, affirmed, without costs.