VILLAGE OF DEPEW, Respondent, *v.* TOWN OF CHEEK-TOWAGA, Appellant.

(Argued March 8, 1935; decided April 16, 1935.)

*George B. Doyle* for appellant. 

*Deane H. Adrew* and *Frederick T. Sherwood* for respondent. 

FINCH, J. This action was brought by the plaintiff village to obtain a portion of the moneys received by the defendant town from the County Treasurer during the years 1927 to 1932, inclusive, on account of the distribution of corporation franchise tax moneys as between a town and a village within a town. These tax moneys are collected and apportioned by the State, under the Tax Law (Cons. Laws, ch. 60, art. 9-A). Two-thirds of this franchise tax collected in the village of Depew is paid by the State Comptroller to the State Treasurer for general fund purposes. The remaining one-third is paid to the Treasurer of the county of Erie. His duty is to distribute this one-third between the village of Depew and the town of Cheektowaga, as provided in the Tax Law (§ 219-h).

The plaintiff claims that the County Treasurer has paid to the defendant more than its proportionate share of this franchise tax. The trial court rendered a judgment against the defendant in the sum of $251.29, which is the amount the defendant concedes it received over and above the amount to which it was entitled. In addition, the plaintiff village claims varying amounts due to it from the

defendant town, according to its view of the proper method of distribution pursuant to the command of the statute which is here presented for interpretation. The Appellate Division modified the decision of the trial court by awarding to the plaintiff the sum of $1,318.07, with interest, thereby adopting the most favorable interpretation claimed by the plaintiff.

The decision in this case hinges entirely upon what is meant by the words in the statute, " taxes raised * * * for * * * town purposes," as contained in section 219-h, subdivision 4, of the Tax Law. The trial court held that the foregoing phrase included all taxes raised in the town for all purposes, including the highway tax and the special district tax. The Appellate Division, on the other hand, decided that the words, " taxes raised for town purposes " included such " taxes [as were raised] for town expenses levied throughout the town, and exclude taxes levied by districts, * * * and also exclude highway taxes." (242 App. Div. 480, 481.)

The pertinent portion of the statute is as follows:

" 4. In making such payment to a county treasurer, the state comptroller shall indicate the portion thereof to be credited to any city or town within the county on account of the location therein of its principal financial office or property * * *; if such principal financial office or property is located in a village, there shall be paid to such village as hereinafter provided such a part of the entire amount credited to the town as the entire amount of taxes raised by said village, or portion thereof in said town, during the preceding calendar year for village and town purposes bears to the aggregate amount so raised by the town and village during the preceding calendar year for town and village purposes."

Obviously this statute establishes a fraction to be employed as a basis for the division. The town must return to the village the same proportion of taxes credited to it as " the entire amount of taxes raised by said

village, or portion thereof in said town, * * * for village and town purposes," bears to the entire amount raised by the town and village "for town and village purposes." The standard thus set up is a simple one. Problems of construction, however, arise as to the meaning of its constituent terms.

Difficulty was first encountered in connection with the numerator of this fraction. For a number of years the practice had been to limit the numerator, namely, "the entire amount of taxes raised by said village * * * for village and town purposes," to taxes which were raised by the said village solely for village purposes. Finally in the case of *Village of Elmira Heights* v. *Town of Horseheads* (234 App. Div. 270; affd. without opinion, 260 N. Y. 507) this view was challenged with the result that the Appellate Division, in that case, held that the numerator should include not only taxes raised by the village for village purposes, but also the taxes raised in the village for town purposes. This result was approved by this court (*Village of Elmira Heights* v. *Town of Horseheads, supra*).

The case now before us concerns the denominator of that fraction. The question is whether the denominator shall include all the taxes raised in the town, or only the taxes raised for purely town expenses, excluding taxes raised in special tax districts and for highway purposes. It would seem that the same principle which has been applied to the numerator should be applicable also to the denominator, so that both sides of the fraction should embrace the same governmental services. Taxes raised by the village for all governmental services and functions within the village are included in the numerator. The plaintiff village contends, however, that the tax "for town purposes" means something less than the whole town budget. The fact that some of the town tax items are raised and spent against property by districts for the purpose of allocating the tax burden to the property

benefited does not alter their essential character as taxes raised for governmental purposes within the town and thus " for town purposes." The latter phrase includes all those taxes raised in the town for the purposes of the government of the town throughout the territory included within the town limits. (*Town of Amherst* v. *County of Erie*, 260 N. Y. 361.) Therefore, the denominator should contain all the taxes raised by the town for governmental purposes, which includes all the taxes raised by the town.

As Judge HUBBS, writing for this court in *Town of Amherst* v. *County of Erie* (*supra*, at p. 373), said: " * * * the purposes for which the money [is] sought to be obtained * * * in this case are governmental. Furthermore, they are for the purposes of a town, which like a county is a corporation formed for the purpose of carrying on local government as a political subdivision of the State, to which is delegated certain governmental duties by the State in order that the governmental duties of the State may be carried on to the best advantage of all the people of the State."

It follows that the judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.