In the Matter of FIRST NATIONAL BANK OF GLENS FALLS, as Executor of ADELIA H. REOUX, Deceased, Petitioner, against HARRY A. REOUX, Respondent.— This motion is made in the first instance in the Appellate Division to

punish the judgment debtor for contempt of court as a result of certain answers given in supplementary proceedings respecting his assets. On December 31, 1959 (9 A D 2d 1005) this court modified a prior order at Special Term adjudging the judgment debtor to be in contempt; and the order here permitted him to purge himself by answering questions relating to his assets. The judgment creditor asserts that the answers made by the judgment debtor when he appeared for examination were contemptuous. The application is made to this court rather than at Special Term to punish the judgment debtor on the theory that the questions were answered in pursuance of an alternative afforded the judgment debtor in our order. The Supreme Court is, as the moving party argues, one judicial institution, and the Appellate Division has constitutional power to exercise all its jurisdiction (*Matter of Mitchel* v. *Cropsey*, 177 App. Div. 663; *Matter of Bar Assn. of City of New York*, 222 App. Div. 580). It is, however, the clear intent of the practice that the Appellate Division of the Supreme Court will devote itself to appellate work (Civ. Prac. Act, art. 39) and that original motions in actions or proceedings are to be made in the Special Term of the Supreme Court (Rules Civ. Prac., tit. 10). Exceptions permitting first-instance proceedings to be brought or motions to be made in the Appellate Division are all clearly laid out by statute (cf. Judiciary Law, § 149; Civ. Prac. Act, § 1287). When an Appellate Division reverses or modifies an order of Special Term to make new or different directions, it retains no direct procedural control of that order and new proceedings in relation to it remain at Special Term. If, for example, a further bill of particulars were directed by an Appellate Division in an order of reversal, and the party entitled to the bill complained he did not get all he was entitled to, he would move at Special Term for relief. It would greatly confuse the practice if an Appellate Division undertook to exercise a continuing initial jurisdiction of further proceedings under all of its orders of reversal or modification. The extraordinary circumstances in which the Appellate Division of the Second Department in *Matter of Mitchel* v. *Cropsey* (*supra*) had before it a prohibition proceeding against a Justice of the Supreme Court in which it had original jurisdiction and also took jurisdiction of a motion ordinarily returnable at Special Term, but affecting the action of that Justice arising from the same controversy, are certainly not before us in this case. Judgment creditor should pursue its remedy by motion to punish the judgment debtor for contempt at Special Term according to the usual course of practice. Motion dismissed, without costs. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.