Clarence J. Henry, J.
Underlying herein is an action by the plaintiff corporation to recover the balance claimed due under a contract (and ensuing mechanic’s lien) for the erection of an apartment building and garage for the defendant corporation. The cause of action against the individual defendant is upon an alleged guarantee of a portion of the amount claimed to be owed.
The answer sets up certain defenses and counterclaims, alleging, among other things, illegality (and thus unenforcibility) of the contract on the ground that the plaintiff corporation agreed to and did provide certain architectural and professional engineering services thereunder while unauthorized, as a corporation, to practice either of such services in this State, under articles 145 and 147 of the Education Law.
On November 22, 1960, an order of this court directed a separate and prior trial of the issue of illegality.
Examinations before trial were thereafter commenced, under that issue, during which the defendant attempted to question the issuance of the plaintiff’s New York State professional engineering and architectural registrations. Upon declination of the plaintiff’s officers to respond to such questioning, a notice of examination before trial, dated February 21,1961, was served *812 upon the plaintiff requiring the examination of four of its named officers concerning its right to practice architecture and professional engineering as a corporation on the date of the contract (June 28, 1956), its State registrations in connection therewith, and other incidental matters related thereto, together with certain papers, records, and so forth connected with such matters. It is this notice which the plaintiff now seeks to vacate.
The grounds advanced by the plaintiff, substantially, are two: (1) that the matters sought to be explored upon the examination are not raised in issue by the pleadings and are thus immaterial and irrelevant; and (2) that, even if the issue is raised by the pleadings, the proposed examination would involve a collateral attack on the plaintiff’s registration, in violation of appropriate rules.
The first contention can be rather abruptly disposed of. Paragraph 33 of the answer alleges that the plaintiff, as a. .corporation, agreed to and did perform architectural and professional engineering services when it was prohibited from doing so under the provisions of articles 145 and 147 of the Education Law. No motion to strike, nor for summary judgment, has been made by the plaintiff, the allegation stands, and thus, under the instant state of the pleadings, matter of illegality on the claimed grounds appears clearly to be in issue.
The second contention presents more difficulty. Basic is a present prohibition in this State against the practice of either architecture or professional engineering by corporations (Education Law, §§ 7307, 7209). However, exceptions are made with respect to such corporations as, in the case of architecture, were incorporated to practice that profession on or before April 12, 1929, and have since been continuously so engaged, and, in the case of professional engineering, were lawfully practicing that profession on April 15, 1935, and have since been continuously so engaged. Certain additional requirements concerning the qualifications of the chief executive officer of such a corporation must be met in each case. In order to obtain a license a corporation claiming qualification is presently required biennially to make written application and pay a fee to the Department of Education, whereupon a certificate of registration, or license, is issued — in architecture, under section 7305, and in professional engineering, under section 7206.
The above procedure, stated simply but substantially, is all that is required and it seems quite clear that the conduct of the Education Department in issuing corporation licenses for architecture and professional engineering is purely administrative and ministerial in character (Matter of Siegel v. Mangan, 258 *813 App. Div. 448). There is nothing judicial, or quasi-judicial, incident to the act of issuance. Under such circumstances, question as to the power to issue a given license is present. Real danger exists that licenses might be issued to unqualified applicant corporations. Such a situation would raise a clear question of the jurisdiction of the department to issue the license. The possibility seems to have been in the mind of the Legislature for it has provided, in the case of architecture (§ 7306), and in the case of professional engineering (§ 7207), that every unrevoked license shall be only presumptive evidence ‘1 in all courts and places ” that the person — or corporation — named therein is duly licensed.
In Matter of Foy v. Schechter (1 N Y 2d 604, 612), Judge Van Voorhis cited, as a repeated enunciation of the New York courts, the rule set forth in volume 73 of Corpus Juris Secundum (Public Administrative Bodies and Procedure, § 146) as follows: “ ‘ Notwithstanding the rule against collateral attack, a decision [of an administrative body] may be subject to such attack where it is absolutely void; and, since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof. Accordingly, administrative decisions may be collaterally attacked as void for want of jurisdiction (See, also, Village of Elmira Hgts. v. Town of Horseheads, 234 App. Div. 270, affd. 260 N. Y. 507.)
The power of the department to issue licenses of the nature in question rested squarely upon the existence of qualifications of an applicant corporation in accordance with the statutory requirements.
If the plaintiff corporation was not properly qualified under sections 7307 and 7209 of the Education Law, the department was without jurisdiction to perform its ministerial function of issuing a license, and it follows that the issuance may be collaterally attacked. Questions of materiality can be determined by the trial court. The motion to vacate the notice of examination before trial is therefore denied, with $10 costs.