■ RAY ROGOFF et al., Respondents-Appellants, v COUNTY OF NASSAU et al., Appellants-Respondents.—In an action to recover money retained by the defendants, the defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated March 1, 1985, which granted the plaintiffs' motion for summary judgment. The plaintiffs cross-appeal from so much of the same order as did not award them interest.

Cross appeal dismissed, for failure to properly perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.8; Cooper v Bosse, 85 AD2d 616).

Order affirmed, with costs.

The plaintiffs are awarded one bill of costs.

The defendants failed to raise a triable issue of fact that the subject moneys were contraband, or were the fruits of the illegal activity in which the plaintiffs were engaged (see, Clay v McCabe, 56 AD2d 747). Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.

■ LEE A. ROSNER et al., Respondents, v EAST NASSAU MEDICAL GROUP et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated September 7, 1984, which, in effect, denied their motion for summary judgment dismissing the complaint based on the plaintiffs' failure to supply a bill of particulars as required by a conditional order of preclusion, provided that (1) the plaintiffs serve their bill of particulars within 20 days after service upon them of a copy of the order, and (2) the plaintiffs' attorney pay $500 to the defendants' attorney within that time period.

Appeal dismissed, without costs or disbursements.

On oral argument, the defendants conceded that they had accepted the bill of particulars sent to them in compliance with the order of Special Term. The plaintiffs' attorney also complied with the second condition imposed by Special Term, i.e., he sent a $500 check to the defendants' attorney. Although this check was sent back by the defendants' attorney, the rejection letter accompanying the check indicated that it was not the "policy" of the defendants' attorney "to accept Court imposed costs from another attorney". Under these particular circumstances, the defendants' right to appeal was waived. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.