■ JON E. SCHARLACK, an Infant, by His Mother and Natural Guardian, HELEN SCHARLACK, Respondent, v RICHMOND MEMORIAL HOSPITAL et al., Appellants, et al., Defendants.—In an action to recover damages for medical malpractice, the defendants Leroy Schwartz, John Randall, and Richmond Memorial Hospital separately appeal from an order of the Supreme Court, Richmond County (Sullivan, J.), dated July 11, 1985, which conditionally denied their motions pursuant to CPLR 3126 to strike the plaintiff's complaint.

Ordered that the appeal by the defendants Schwartz and Randall is dismissed; and it is further,

Ordered that the order is reversed, insofar as appealed from by Richmond Memorial Hospital, on the law and as a matter of discretion, its motion is granted, and the complaint is dismissed insofar as it is asserted against it, and the action as against the remaining defendants is severed, and it is further,

Ordered that the defendant hospital is awarded one bill of costs, payable by the plaintiff.

This appeal follows an order of this court dated June 25, 1984 *(Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886) which directed, *inter alia,* that the plaintiff provide certain medical authorizations and other discovery within 30 days of service of a copy of said order. Despite repeated written requests by the appellants over a period of nine months to comply with this court's order, the plaintiff failed to do so. The defendant hospital moved to strike the complaint pursuant to CPLR 3126 or, alternatively, to compel disclosure

pursuant to this court's June 25, 1984 order. The defendant doctors Schwartz and Randall also moved for the identical relief. The plaintiff did not oppose the motion, but the plaintiff's counsel orally informed the court that the authorizations would be supplied. Special Term conditionally granted the appellants' motions unless the plaintiff complied with this court's order within 20 days of service of Special Term's order and paid $500 to counsel for each of the defendants.

Preliminarily, the defendants Leroy Schwartz and John Randall have waived their right to appeal from Special Term's order by accepting the medical authorizations and the sanctions imposed by Special Term (see, Rosner v East Nassau Med. Group, 119 AD2d 563). The defendant hospital is an "aggrieved" party to this appeal under CPLR 5511 despite the fact that the relief it requested in the alternative, to wit, compelling disclosure, was granted by Special Term. The relief it clearly sought was dismissal of the complaint and not compliance with the prior order, and the denial of so much of its motion as was for dismissal involved a substantial right of the hospital (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539; cf., Alberi v Rossi, 117 AD2d 574).

Further, it was proper to bring this motion at Special Term, rather than in the Appellate Division. The Supreme Court is empowered to implement orders of this court in strict compliance therewith (CPLR 5524 [b]; Matter of First Natl. Bank v Reoux, 11 AD2d 876; Siegel, NY Prac § 545).

This appeal involves a motion made pursuant to CPLR 3126 as opposed to CPLR 5015. To strike a pleading for noncompliance with an order pursuant to CPLR 3126, it must be shown that the plaintiff's default was "deliberate and contumacious" (Battaglia v Hofmeister, 100 AD2d 833). The nine-month unexcused failure to comply with this court's order demonstrates a cavalier attitude by the plaintiff's counsel with respect to compliance with this court's order, and the defendants met their initial burden of showing willfulness. The plaintiff was, therefore, required to come forward with an excuse for her default, and she failed to even oppose the motion (Battaglia v Hofmeister, supra). The plaintiff's counsel's oral statement to the court proffered no excuse for the delay. Thus, Special Term should have unconditionally dismissed the complaint insofar as it is asserted against the defendant hospital. Mangano, J, P., Kunzeman, Kooper and Spatt, JJ., concur.