■ IRENE B. FREDERICK, Appellant, v W. BRUCE CLARK et al., Respondents, et al., Defendant.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered November 28, 1989 in Albany County, which imposed conditions upon its granting of plaintiff's motion for a judgment and denied her request for interest.

The parties were previously before this court (150 AD2d 981, *lv dismissed* 74 NY2d 892). By unanimous decision of this court, plaintiff was granted summary judgment entitling her to "extended reporting period coverage" (hereinafter "tail coverage") from defendants W. Bruce Clark and W. Bruce Clark, P. C. (hereinafter collectively referred to as defendants).

Plaintiff then moved for an order directing that judgment be entered in her favor against defendants in the sum of $15,456, the amount she paid on September 28, 1988 as a first installment to purchase "tail coverage" and interest. She also sought an order directing defendants to make the two remaining premium payments due, namely, $17,929 and $16,694 due respectively on September 28, 1989 and September 28, 1990. Defendants then cross-moved for an order directing an inquiry as to the amount of damages, if any, that plaintiff sustained.

Supreme Court granted judgment to plaintiff (1) for $15,456, without interest, and on condition that she serve upon defendants a verified statement that during the year in question she was not employed in the capacity of a medical doctor for which malpractice insurance would normally be called for, (2) for $17,929 due on or after October 1, 1989 provided she serves upon defendants a verified statement that she, in fact, paid that amount for tail coverage, that she continued to need the tail coverage and that defendants are entitled to any available refund of premiums if coverage is not required for the entirety of the coverage period, or if it is otherwise available, (3) for $16,694 due on or after October 1, 1990, provided she serves upon defendants a verified statement that she, in fact, paid that sum for the tail coverage, that she continues to need the tail coverage, that she is not employed as a medical doctor under circumstances normally calling for malpractice insurance and that defendants are entitled to any available refund of premiums. The court further ordered plaintiff to serve notice upon defendants immediately upon her recommencement of the practice of medicine and upon

procurement of medical malpractice insurance other than the subject tail policy. Plaintiff appeals Supreme Court's imposition of conditions on the judgment granted to her as beyond its powers and also claims that she should have been awarded interest on the sum of $15,456 from September 28, 1988, the due date of the first installment of tail coverage.

Supreme Court is empowered to implement powers of this court in strict compliance therewith (see, Matter of First Natl. Bank v Reoux, 11 AD2d 876; Siegel, NY Prac § 545, at 761-762). In this case, Supreme Court offered no written rationale for its imposition of conditions on plaintiff's entitlement to judgment. We have previously noted our concern over the inappropriateness of this practice (see, Dworetsky v Dworetsky, 152 AD2d 895, 896). We have, by our previous decision, held that plaintiff is entitled to malpractice insurance including "tail coverage" to cover her for all acts and omissions that may become the subject of claims after leaving defendants' employment. This is then the law of the case which Supreme Court is bound to follow and implement in strict compliance therewith. Plaintiff's resumption of medical practice and coverage under a new malpractice insurance policy does not implicate her entitlement to "tail insurance". Medical malpractice policies which are "claims-made" policies, when newly issued to a physician, do not contain provisions which automatically provide tail coverage for the physician's previous employment (see, Insurance Law § 3436; 11 NYCRR 73.1 [a], [b]).

Additionally, the conditions of prepayment of the October 1, 1989 and October 1, 1990 installments are also in contradiction of our decision. The obligation to provide plaintiff with "tail insurance" was found to be defendants' and it is defendants' obligation to pay. Plaintiff has no obligation to prepay in order to be entitled to judgment.

Plaintiff also contends that the court erred in denying her request for interest on the $15,456, the first installment on tail insurance, which fell due and was paid by plaintiff on September 28, 1988 during the pendency of the action. Supreme Court is empowered to grant restitution by motion made before it (see, Deli of Latham v Freije, 133 AD2d 889). Plaintiff, in seeking restitution, moved to redeem on the theory of contract. Based on our prior decision, Supreme Court correctly granted judgment to plaintiff of $15,456. A party, however, is also entitled as a matter of right to interest in actions not only on express contracts, but also on contracts implied in law and quasi-contracts (see, Village of Elmira

*Hgts. v Town of Horseheads,* 234 App Div 270, *affd* 260 NY 507). Therefore, Supreme Court should have awarded plaintiff interest in this case. CPLR 5001 (b) provides that interest is to be computed from the earliest ascertainable date the cause of action existed. The operative date here is the due date of the first installment, September 28, 1988. Plaintiff is thus entitled to interest as of that date.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as imposed conditions upon plaintiff's award and failed to award her interest; plaintiff is granted interest on $15,456 from September 28, 1988 and defendants W. Bruce Clark and W. Bruce Clark, P. C. are directed to pay the remaining two premium payments to defendant Medical Liability Mutual Insurance Company; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.