(August 1, 1991)

■ Commissioners of the State Insurance Fund, Respondent, v Marcello Valenzano, Doing Business as ABC Contracting Co., Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered April 12, 1990, which denied defendant's motion to vacate a default judgment entered pursuant to CPLR 3126 (3) for willful failure to comply with discovery, unanimously affirmed, with costs.

The Commissioners of the State Insurance Fund ("plaintiff") commenced an action for premiums purportedly due under a workers' compensation insurance policy. Marcello Valenzano, doing business as ABC Contracting Co. ("defendant") answered and denied the allegations. Plaintiff then served a notice of discovery and inspection ("notice") upon defendant. Having notified defendant that no documents or records had been received, plaintiff subsequently moved for an order striking defendant's answer and directing entry of a judgment in its favor, contending that the records were essential. Defendant did not appear in opposition to the motion. An order was entered granting the motion conditionally. After plaintiff submitted an affidavit affirming that the order was served and that defendant had not complied, an order was entered granting the motion and striking defendant's answer.

Defendant moved *pro se* to vacate the default, contending that he had received the notice, but had only one of the eight items set forth in the notice which he gave to plaintiff's attorneys, that he had requested a copy of the audit forming a basis of plaintiff's assessment but did not receive it, and that he did not receive copies of the motion to strike, or the subsequent order or affirmation requesting entry of judgment. Plaintiff opposed, submitting affidavits of service by mail of the process defendant contended he did not receive, and an

affirmation that none of the items were returned as undeliverable. Plaintiff also denied that defendant presented any items or requested the audit and that, even if he had, it had no bearing on the issue.

The IAS court denied the motion, finding that service was proper, and that the absence of defendant's demonstration of a meritorious defense warranted denial of the motion to vacate the default judgment.

The IAS court acted within its discretion in striking the answer for willful failure to comply with discovery (CPLR 3126 [3]). Plaintiff met its burden by coming forward with a sufficient showing of willfulness, which was not rebutted by a reasonable excuse for the default *(see, e.g., Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580). Further, while the resisting party has no statutory obligation to furnish an affidavit of merit under the circumstances presented *(see, Battaglia v Hofmeister,* 100 AD2d 833), the court may consider the absence of any showing of merit as a factor in determining whether a sanction less drastic than dismissal might be warranted *(Wolfson v Nassau County Med. Center,* 141 AD2d 815). In light of the failure to demonstrate a reasonable excuse for default and a showing of a meritorious defense, dismissal was warranted. Nor did defendant meet his burden of demonstrating failure to receive proper notice. Concur— Murphy, P. J., Milonas, Ross and Rubin, JJ.