■ In the Matter of the Guardianship of TROY ANTHONY G., an Infant. RICHARD ALLEN CENTER ON LIFE, INC., Respondent; MARIE G. et al., Appellants. [635 NYS2d 582] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered August 11, 1993, which terminated respondents' parental rights to their son and committed his custody to the Commissioner of Social Services and petitioner agency, upon a fact-finding determination that respondent mother was presently and for the foreseeable future unable to care for the child by reason of her mental illness and that respondent father had permanently neglected his son, unanimously affirmed, without costs.

The unequivocal psychiatric testimony and medical records support the court's finding that petitioner had established, by clear and convincing evidence, that the mother was mentally ill within the meaning of Social Services Law § 384-b (4) (c) (*see, Matter of Keon Lee M.*, 120 AD2d 731; *Matter of Sunja S.*, 175 AD2d 132, *lv denied* 78 NY2d 861).

The court also properly found that clear and convincing evidence had established that the father had permanently neglected his child despite the agency's diligent efforts to strengthen the parental relationship (Social Services Law § 384-b [7] [a]; *see, Matter of Sheila G.*, 61 NY2d 368). Such efforts are subject to the rule of reason (*see, Matter of O. Children*, 128 AD2d 460, 464), and an agency "is not charged with a guarantee that the parent succeed in overcoming his or her predicaments. Indeed, an agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (*Matter of Sheila G., supra*, at 385). The father maintained only sporadic contact with his son and failed to realistically plan for his future (*see, Matter of Star Leslie W.*, 63 NY2d 136).

The court did not improvidently exercise its discretion in admitting, over objection, three form letters from the caseworker which the agency failed to turn over (*see,* CPLR 3126) as the failure was not willful (*see, Commissioners of State Ins. Fund v Valenzano*, 175 AD2d 687), the exhibits were brief and capable of review at the hearing, and there was no request for a continuance (*see, Matter of Leon RR*, 48 NY2d 117, 123-124).

Finally, as the six year old child had lived with the foster parents all his life and had bonded to the foster family, it was in his best interests to terminate respondents' parental rights in order to facilitate his adoption by the foster parents (*see, Matter of Star Leslie W., supra*, at 147-148). Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.