Marvin E. Goldberg, P.C. v Law Offs. of Raymond Schwartzberg & Assoc., PLLC (2023 NY Slip Op 02763)

Marvin E. Goldberg, P.C. v Law Offs. of Raymond Schwartzberg & Assoc., PLLC

2023 NY Slip Op 02763

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 21669/17E Appeal No. 298-299M-1633 Case No. 2022-05047, 2022-05048 

[*1]Marvin E. Goldberg, P.C. et al., Plaintiffs-Respondents,
v
Law Offices of Raymond Schwartzberg & Associates, PLLC et al., Defendants-Appellants, Hillary Schwartzberg et al., Defendants.

Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellants.
Epstein Legal Services, New City (Darren J. Epstein of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 18, 2021, which denied defendants Law Offices of Raymond Schwartzberg & Associates, PLLC and Raymond Schwartzberg's motion to dismiss the action pursuant to CPLR 3126(3) and 3042(b), unanimously affirmed, without costs. Order, same court and Justice, entered August 18, 2021, which granted plaintiffs' motion for a conditional order of preclusion pursuant to CPLR 3126, unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendants' motion to dismiss the action pursuant to CPLR 3126(3) and 3042(b). Plaintiffs served their bill of particulars within the time required by the court and provided documents for each case for which defendants allegedly failed to pay referral fees pursuant to the parties' purported fee-sharing agreement. Even if plaintiffs' bill of particulars was inadequate and other discovery responses untimely, defendants had not conclusively shown that these failures were willful or contumacious (see Christian v City of New York, 269 AD2d 135, 137 [1st Dept 2000]). Plaintiffs were not required to submit an affidavit of merit absent a conditional order of dismissal or default, and the statute does not expressly require it (Commissioners of State Ins. Fund v Valenzano, 175 AD2d 687, 688 [1st Dept 1991]).
The court also providently exercised its discretion in granting plaintiffs' motion for a conditional order of preclusion (CPLR 3126) given defendants' failure to respond to plaintiff's discovery demands despite two followup letters (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [2010]; Rachimi v Sacher, 172 AD3d 636 [1st Dept 2019]).
Defendants' arguments for dismissal of the action on the merits were not properly raised because defendants noticed only a motion pursuant to CPLR 3126 and 3042(b). Thus, the court properly declined to consider these arguments.
M-1633 — Goldberg, et al. v Law Offices of Raymond Schwartzberg & Assoc., et al. Motion for stay pending determination of appeal, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023