In the Matter of the Estate of EDWIN H. RUNDELL, Deceased. RUBY FLANSBURGH, as Executrix of EDWIN H. RUNDELL, Deceased, et al., Appellants; GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.— Appeal from a judgment of the Surrogate's Court, Greene County, allowing a claim of the Greene County Department of Social Services against the estate of Edwin H. Rundell for aid payments made to or for Edwin H. Rundell. The Greene County Department of Social Services filed a claim against the estate of Edwin H. Rundell for medical assistance furnished decedent between September 27, 1966 and June 22, 1970, the date of his death. The claim was rejected by the estate on the ground that since deceased left a surviving spouse the claim was barred under section 369 (subd. 1, par. [b]) of the Social Services Law. The Surrogate's Court, however, allowed the claim holding that section 369 (subd. 1, par. [b]) had no application to the present case because decedent's widow had resided with him for only a short time after their marriage and they were not residing together at the time of the death of the decedent. We cannot agree with this conclusion. It is clear that section 369 (subd. 1, par. [b]) precludes, except under certain circumstances not here present, recovery on account of medical assistance against the property in the estate of any individual who leaves a surviving spouse. Therefore, the controlling issue is whether or not

Julia Ruskin Rundell was decedent's surviving spouse within the meaning of the statute. Concededly, the decedent and his wife, Julia Ruskin Rundell, lived together as man and wife for only a short time after their marriage in April of 1967. However, neither the language of the statute nor its legislative history provides any support whatsoever for the Surrogate's conclusion that section 369 (subd. 1, par. [b]) was intended to apply only to those spouses who at the time of death are residing together or that the purpose of the statute was to retain the family home for the surviving spouse. Rather, she would still be a surviving spouse within the meaning of the statute unless it were satisfactorily established that she had, in fact, abandoned the decedent (see, EPTL 5–1.2, subd. [a], par. [5]) and the burden of proof is on the party asserting abandonment (see *Matter of Rechtschaffen*, 278 N. Y. 336). To establish abandonment it must be shown that there was a voluntary departure or living apart, the departure was unjustified, there was no intent of returning and there was no consent to the departure by the other spouse (e.g., *Schine* v. *Schine*, 36 A D 2d 300, mod. 31 N Y 2d 113 and cases cited therein). Any finding that these tests of abandonment had been met on the instant record would be sheer speculation and, in fact, the Surrogate did not find abandonment but rather relied solely on the fact that they were not living together which alone is clearly insufficient. Accordingly, abandonment not having been established, the judgment must be reversed and the claim rejected. Judgment reversed, on the law and the facts, and claim rejected, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.