Joseph W. Cribe, J.
Decedent, from October 1, 1971, was a patient at the Geneva General Nursing Home until July 28, 1974, when he died. During this period of time, bills incurred by him in connection with his illness were paid by the Ontario County Department of Social Services in the amount of $29,994.95 under the medical assistance program authorized by title 11 of article 5 of the Social Services Law of New York. This amount so expended is conceded by all parties, pursuant to a written stipulation, to be valid in its amount and no question has been raised that they were not "correctly paid”.
In its account filed with this court, the estate shows a balance for final distribution of $29,094.21. This balance comes from the sale of certain real estate owned by decedent at the time of his death.
The attorney for the decedent’s claimant sister takes the position that the department should recover nothing and that the moneys should be distributed pursuant to his last will and testament.
Paragraph "Second” of decedent’s will provides that his sister, Nellie A. McLane, is to receive the one-half interest in the farm owned by him when he died. His will further appoints his widow to be executrix and provides that she is to receive the rest of his property and estate.
After decedent’s death a good offer was made for the farm of which he owned a one-half interest and by mutual agreement and order of this court, the farm was sold for the agreed price of $60,000. His half, over $30,000, has been retained by the executrix, subject to the further order of this court and is the only money asset of his estate.
The aforesaid stipulation further indicates that there was no mortgage on the farm but that all insurance, taxes, utilities and practically all maintenance and operating costs for the farm were paid by the decedent during the time he and *1069 his wife, Florence McLane, resided together and even thereafter from rental income he received after he and his wife had moved to a residence in Geneva, New York.
From affidavits filed by the surviving spouse, Florence McLane, it appears that she and the decedent were never separated or divorced, never had issue of their own or adopted any children and that they resided on the so-called McLane Farm in the Town of Seneca, Ontario County, New York, from February 5, 1949 until November 27, 1965.
Deceased’s sister had a room in the dwelling and spent vacations, holidays and occasional weekends on the farm.
Beginning about November 27, 1965 deceased and his wife ceased to reside on the McLane Farm and made their residence in Geneva, New York.
It further appears that the decedent became 65 years of age on August 27, 1959 which would be prior to his entering the Geneva General Nursing Home.
The issue here, in substance, is whether recovery should be permitted the commissioner under the statute which authorized the department to pay the decedent’s hospital and medical expenses.
Section 369 of the Social Services Law states that there can be no recovery from an estate of medical assistance correctly paid unless the decedent was 65 or older at the time said assistance was received and then only if there were no surviving spouse or minor or disabled children surviving.
In this instance decedent was over 65 at the time he received the assistance but he left a surviving spouse. No issue has arisen as to the correctness of the payments.
Section 369 (subd 1, par [b]) reads as follows: "there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of such individual under this title, except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled, provided, however, that nothing herein contained shall be construed to prohibit any adjustment or recovery for medical assistance furnished pursuant to subdivision three of section three hundred sixty-six of this chapter.”
I am not unmindful of my decision in Matter of Rapalje (73 *1070 Misc 2d 16) decided February 28, 1973. In that case, however, there was no surviving spouse. In a more recent case decided by the Appellate Division in May of 1973 a similar situation arose but involved a surviving spouse. In that case, even though there was evidence to the effect that decedent and his spouse had not resided together save for a short period of time, the court held there could be no recovery for assistance rendered stating that the controlling issue is whether or not his surviving spouse was such within the meaning of the statute. The Appellate Division determined that she was a surviving spouse and went on to say, "However, neither the language of the statute nor its legislative history provides any support whatsoever for the Surrogate’s conclusion that section 369 (subd. 1, par. [b]) was intended to apply only to those spouses who at the time of death are residing together or that the purpose of the statute was to retain the family home for the surviving spouse.” (Matter of Rundell, 41 AD2d 995.)
In the instant case decedent was over 65 while receiving assistance, was residing with his wife until his removal to the Geneva General Nursing Home, was still married to her when he died, named her executrix and she was issued letters testamentary by this court.
It is clear that section 369 (subd 1, par [b]) precludes, except under certain circumstances not here present, recovery on account of medical assistance against the property in the estate of any individual who leaves a surviving spouse. (Matter of Rundell, supra.)
The claim of the Department of Social Services of Ontario County is hereby disallowed.