■ In the Matter of FLORENCE MCLANE, as Executrix of THOMAS J. MCLANE, Deceased. GEORGE E. BOISVERT, as Ontario County Commissioner of Social Services, Appellant. NELLIE A. MCLANE, Respondent.—Decree affirmed, with costs, upon the opinion at Surrogate's Court, Cribb, S. All concur except Moule, J. P., who dissents and votes to reverse the decree and allow the claim, in the following memorandum: Pursuant to section 104 of the Social Services Law, appellant Ontario County Commissioner of Social Services sought to recover from the deceased recipient's estate the costs of medical assistance furnished to him from the time he was 65 years of age until he died, amounting to $29,994.95. At his death decedent had a 50% ownership interest in his family farm. The remaining 50% interest in the farm was divided equally between decedent's sister and his brother. Decedent's will, admitted to probate on August 14, 1974, provided that his sister, respondent in this action, was to receive decedent's one-half interest in the farm. By mutual agreement of all parties involved, the family farm was sold for $60,000, from which sum decedent's brother and sister each received a one-quarter share of the proceeds. The remaining one half of the proceeds, which represents the only asset in the estate, is being retained by the executrix subject to the determination of this appeal. Decedent's surviving spouse resides at her own single-family residence in the City of Geneva and has made no claim to the interest passing under the will or its present monetary equivalent of approximately $26,000. Section 369 (subd 1, par [b]) of the Social Services Law places a restriction upon the right of the public welfare official to recover medical assistance furnished during the life of the deceased recipient. It, states in pertinent part: "there shall be no adjustment or recovery of any medical assistance * * * except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse". This restriction on the recovery of medical assistance was originally enacted as part of the Social Security Act Amendments of 1960 and 1965. It was then mandated that every State, as a precondition to its receiving matching

Federal reimbursement of the costs of its medical assistance programs, adopt such language in its own statutory scheme. Although there is no legislative history accompanying the enactment of section 369 (subd 1, par [b]) of the Social Services Law, there does exist legislative history concerning the adoption of this requirement in the Federal legislation. The prime reason set forth for the adoption of that provision was that it would protect the individual and his spouse from the loss of their property, usually the home, during their lifetime (see, Senate Report No. 1856, US Congressional and Administrative News, 1960, vol 2, p 3615). It is clear that by permitting appellant to proceed against respondent and recover the value of the assistance, the true legislative intent behind the enactment of section 369 (subd 1, par [b]) will not be frustrated. Since it is "clear intent, not clear language, which precludes further investigation as to the interpretation of a statute" (McKinney's Cons Laws of NY, Book 1, Statutes, § 76), a court, in order to prevent absurdity or manifest injustice, may properly interpret the clear language to conform to the expressed intent *(People ex rel. Westchester Fire Ins. Co. v Davenport,* 91 NY 574, 584–585). In the instant case, the intended protection of the surviving spouse would not be adversely affected by appellant's recovery against respondent and the denial of that recovery would operate to frustrate the appellant's legitimate right to reimbursement of the costs of medical assistance that have been furnished the deceased at public expense. (Appeal from decree of Ontario Surrogate's Court—claim against estate.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.