OPINION OF THE COURT
Michael A. Telesca, S.
In this proceeding for the judicial settlement of the executor’s accounts, the issue is presented whether the claim of the Office of Mental Retardation and Developmental Disabilities (State) in the amount of $4,953.93, for the care and maintenance of Clara S. Stewart was properly rejected by the executor on the grounds that the same is barred by the Statute of Limitations.
The deceased was confined to Craig Developmental Center for various periods from November 1, 1949 through May 8, 1967. The decedent died September 9, 1979. The executor insists that since the deceased’s confinement to a State institution ceased more than 11 years prior to her death, that the claim is barred by the Statute of Limitations. The State, however, claims that there was an understanding arrived at between the deceased’s representative (Wilber National Bank as agent) that the balance due to the State of New York would be deferred until after Clara Stewart’s death so that her funds could be first applied to her lifetime expenses. In support of its claim the State submits copies of various correspondence between the State of New York and the executor dated September 26, 1974 through March of 1980 as proof of this understanding.
*757 EPTL 13-2.1 (subd [a], par [3]) imposes a Statute of Frauds requirement for enforcement of “a promise by a personal representative to answer for the debt or default of his decedent”. The purpose of this section is to require that all such agreements be in writing and “to outlaw as being against public policy claims based on alleged oral agreements” (Matter of Albin, 35 Misc 2d 322, 326; see, also, Rubin v Irving Trust Co., 305 NY 288; Matter of Ditson, 177 Misc 648). Any recovery by claimant herein, therefore, must be based upon proof of an implied contract because no formal contract was entered into. It is clear that the claimant never intended to forgive its claim or to abandon it, but merely to defer it. The parties contemplated that the deceased might have financial needs during her lifetime for her support and maintenance and that if there was any money remaining, that their claim would be honored by her estate. Correspondence submitted by the parties clearly and satisfactorily establish that understanding. (See Matter of Adams, 1 AD2d 259, 262, affd 2 NY2d 796; see, also, Matter of Van Slooten v Wheeler, 140 NY 624.)
This court finds convincing and satisfactory evidence of an implied agreement to pay the claimant State of New York. At no time did the State relinquish its claim during the deceased’s lifetime either expressly or by implication, nor during the same period did the Wilber National Bank dispute the legitimacy of the claimed unpaid balance.
The claim of the State of New York is allowed and the executor is directed to pay it. Interest on the unpaid balance shall be allowed and computed from the date of death since the State did not contemplate payment any sooner. (CPLR 5001, subd [b]; 5004.)