OPINION OF THE COURT
Eve Preminger, S.
At issue is whether section 369 of the Social Services Law precludes the Commissioner of Social Services from recouping *901 medical assistance paid on behalf of the decedent, who was survived by a disabled child who was not dependent upon decedent for support.
Decedent was survived by two adult daughters, one of whom, Sephine Melrod, is permanently disabled as a result of multiple sclerosis. At the time of decedent’s death, Ms. Melrod was neither living with her mother nor financially dependent upon her. However, under decedent’s will, she is entitled to one half of the residuary estate and the other half is bequeathed to her sister.
Section 369 (2) of the Social Services Law provides, in relevant part:
"(b) (i) Notwithstanding any inconsistent provision of this chapter or other law, no adjustment or recovery shall be made against the property of any individual on account of any medical assistance correctly paid to or on behalf of an individual under this title, except * * *
"(ii) Any such adjustment or recovery shall be made only after the death of the individual’s surviving spouse, if any, and only at a time when the individual has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled” (emphasis added).
A plain reading of the statute indicates that the Commissioner’s claim should be rejected since it is undisputed that decedent was survived by a permanently and totally disabled child. However the Commissioner urges a contrary result, relying upon Matter of Samuelson (110 AD2d 187), where the Second Department engrafted certain barriers to application of the statute.
In Samuelson (supra), the decedent’s surviving disabled child was also not financially dependent upon decedent. Unlike the instant case she was not a beneficiary under decedent’s will. The Court concluded that to apply the statute literally "would contravene and frustrate the legislative objective * * * [of] the statute” (110 AD2d, at 191) in that "the only person who would benefit from the financial windfall would be [decedent’s nondisabled son], who admittedly is not an individual who that statute is intended to protect” (110 AD2d, at 193). The Court went on to establish two requirements for application of the statute’s restrictions: financial dependence upon decedent prior to death and financial benefit after death. Neither can be found in the statute.
It is obvious that the dominant purpose of the statute is to *902 protect a spouse or permanently disabled child from loss of support during recipient’s lifetime and to allow the recipient to provide for them after death. (See, Matter of McLane, 90 Misc 2d 1067, affd 54 AD2d 1133, affd 42 NY2d 1057; Matter of Rundell, 41 AD2d 995; Matter of Burke, 111 Misc 2d 296.) It would therefore appear that at least where a spouse or disabled child receives a benefit from the estate, the statute should apply regardless of whether the spouse or disabled child received financial support during decedent’s lifetime, and even if some of decedent’s assets are bequeathed to others. To the extent the language in Samuelson (supra) says otherwise, it is rejected. (See also, Matter of Rundell, supra; Matter of McLane, supra, applying the statute and prohibiting recoupment although neither spouse had received financial support during the relevant period.) There is no need in this case to determine whether the statute would apply in the absence of any provision in the will for the disabled child.
For all of the foregoing reasons, the claim is disallowed.