■ In the Matter of the Estate of LUCRETIA ANDREWS, Deceased. JOHN BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, Appellant; ARZETER GORDON, as Administrator of the Estate of LUCRETIA ANDREWS, Deceased, Respondent. [650 NYS2d 470] —White, J. Appeal from an order of the Surrogate's Court of Rensselaer County (Lang, Jr., S.), entered March 11, 1996, which denied petitioner's application to validate a claim made by it against the estate of Lucretia Andrews.

Lucretia Andrews died intestate on April 19, 1993 leaving two distributees, her daughter, Arzeter Gordon, and a legally adopted son, John Andrews, who is permanently and totally disabled. Thereafter, petitioner filed a claim against the estate seeking to recoup the $8,284.78 in Medicaid benefits it provided to decedent. Respondent rejected the claim, prompting

petitioner to make this application under SCPA 1808 (1) for a determination as to the validity of its claim. Following disallowance of the claim by Surrogate's Court, this appeal ensued.

The focus of the appeal is Social Services Law § 369 (2) (former [b] [ii]) which, insofar as relevant here, permitted the recoupment of Medicaid benefits from the estate of an individual who was 65 years of age or older when he or she received such benefits, provided there is no surviving spouse or surviving child who is under 21 or blind or permanently and totally disabled. Because Andrews is totally and permanently disabled, petitioner acknowledges that the claim on behalf of Rensselaer County cannot be satisfied from the estate assets distributed to Andrews. Petitioner does maintain, however, that recoupment can be sought from the assets distributed to Gordon.

The immediate barrier petitioner must overcome is that the plain language of the statute precludes recoupment from the estate of a recipient who is survived by a permanently and totally disabled child even if some of decedent's assets are distributed to others outside the ambit of the statute (*see*, *Matter of Burstein*, 160 Misc 2d 900, 902). Petitioner responds by pointing out that the approach it advocates does not conflict with the statute's purpose of protecting a disabled child's source of support (*see*, *Matter of Samuelson*, 110 AD2d 187, 192) since it leaves Andrews' share of the estate assets untouched.

Petitioner's position, while facially reasonable, does not withstand close analysis. In essence, petitioner is seeking recoupment from Gordon's distributive share of decedent's estate. We cannot endorse this approach because it runs afoul of Social Services Law § 366 (3) and § 101 (1), which limit the responsibility to contribute to the support of a Medicaid recipient to the recipient's spouse or parent. Accordingly, we affirm the order of Surrogate's Court since petitioner is precluded from recovery from decedent's estate by Social Services Law § 369 (2) (former [b] [ii]) and from Gordon because she is not a legally responsible relative.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.