[672 NYS2d 298]

COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, v BENJAMIN SPELLMAN, Appellant.

First Department, April 30, 1998

APPEARANCES OF COUNSEL

*Joseph I. Lauer* of counsel (*Francis F. Caputo* on the brief; *Jeffrey D. Friedlander, Acting Corporation Counsel* of New York City, attorney), for respondent.

*Bernard A. Krooks* of counsel, New York City (*Richard E. Roth* and *Sheryl Stahl Reba* on the brief; *Littman Krooks Roth & Ball, P. C.,* attorneys), for appellant.

## OPINION OF THE COURT

LERNER, P. J.

The issue presented on this appeal is whether the New York State Social Services Law allows the plaintiff, New York City Department of Social Services (DSS), to recover from the defendant, a "community spouse", Medicaid assistance payments it paid to providers for the care of his wife, an "institutionalized spouse", where he has refused to provide for his wife's care.

Inasmuch as the motion to dismiss is brought pursuant to CPLR 3211, the factual allegations of the complaint are deemed to be true. On January 1, 1994, defendant's wife was admitted to Clearview Nursing Home. On June 2, 1995, she applied for Medicaid assistance, and, in connection therewith, executed an assignment of support from defendant pursuant to Social Services Law § 366-c (5) (b), which provides that "[a]n institutionalized spouse shall not be ineligible for medical assistance by reason of excess resources determined under paragraph (a) of this subdivision, if the institutionalized spouse executes an assignment of support from the community spouse in favor of the [DSS]."

Her application was approved effective April 1, 1995. As of December 15, 1995, the cost of her care totaled $32,975.25, and continues to accrue at a daily rate of $141.95. When the application was submitted, DSS requested defendant to provide for his wife's care, but he refused in writing, on a New York

City Human Resources Administration form advising him that "Legally responsible relatives may be taken to court for failure to support their spouses or minor children."

The matter was forwarded to DSS's Office of Revenue and Investigation for collection and, it having been determined that defendant had substantial resources exceeding the statutory allowable resources level, DSS determined that defendant could afford to pay for his wife's care. On October 16, 1995, DSS demanded that defendant reimburse it for the prior cost of medical care and to contribute toward the cost of future care. He refused, whereupon the instant action was commenced on or about January 2, 1996 to recover those Medicaid payments. Prior to serving an answer, defendant moved to dismiss for failure to state a cause of action.

In his motion, defendant conceded that DSS may sue him for prospective support, but, *inter alia,* claimed there can be no recovery for past Medicaid payments because there is no implied contract under Social Services Law § 366-c obligating him to pay, and that recoupment from "responsible relatives" under the implied contract provision of section 366 does not apply because such benefits have been paid pursuant to an as- signment of support executed by the recipient, an "institutionalized spouse" (Social Services Law § 366-c [2] [a]; [5] [b]). Defendant also argued that before DSS may proceed against him for reimbursement, it must first bring a support proceeding in Family Court. Defendant has abandoned his earlier arguments concerning Federal preemption.

The IAS Court denied the motion (173 Misc 2d 979), finding that under a plain reading of Social Services Law § 366 (3) (a) the DSS may recover from defendant the Medicaid expenses paid for the care of his wife pursuant to a statutory implied contract, since it is clear that he is capable of paying pursuant to section 366-c. We agree.

Medicaid is a jointly funded Federal and State medical assistance program that is established by title XIX of the Social Security Act and is implemented in this State by article 5, title 11 of the Social Services Law. Its purpose is to pay for necessary medical care for eligible individuals whose income and resources are insufficient to meet the costs of their medical care (42 USC § 1396 *et seq.;* Social Services Law § 363; *Matter of Costello [Stark] v Geiser,* 85 NY2d 103).

In 1993, the Social Security Act was amended to provide that in any case where Medicaid payments have been made under the State plan and a third party has a legal responsibil-

ity to pay for health care items or services furnished to an individual, "the State is considered to have acquired the rights of such individual to payment by any other party for such health care items or services" (42 USC § 1396a [a] [25] [I]). A State or local agency administering the State plan is required to "take all reasonable measures to ascertain the legal liability of third parties * * * to pay for care and services available under the plan" (42 USC § 1396a [a] [25] [A]). Recoupment from a responsible third party, defined as "any individual, entity or program that is or may be liable to pay all or part of the expenditures for medical assistance furnished under a State Plan" (42 CFR 433.136), is necessary to ensure that the Medicaid program remains " ' "the payor of last resort" ' " (*Cricchio v Pennisi*, 90 NY2d 296, 305, quoting *Matter of Costello [Stark] v Geiser*, *supra*, at 106; S Rep No. 146, 99th Cong, 2d Sess 1, 312, reprinted in 1986 US Code Cong & Admin News 42, 279).

Pursuant to the State's obligation to seek repayment from responsible third parties, Social Services Law § 366 (3) (a) provides that if a responsible relative with sufficient income and resources to provide medical assistance refuses to provide necessary assistance, the furnishing of such assistance by DSS "shall create an implied contract with such relative, and the cost thereof may be recovered from such relative in accordance with title six of article three and other applicable provisions of law." Those provisions are Social Services Law §§ 101, 102, and 104, which permit DSS to bring an action in a court of competent jurisdiction to enforce such liability.

Contrary to defendant's contention, there is no requirement in the statutory scheme that a support proceeding be first commenced in Family Court in order for a right of recovery to exist under Social Services Law § 101, or that DSS may only recover from "windfalls" received by the responsible relative under section 104.

Under defendant's theory, notwithstanding that a community spouse has sufficient resources, he or she could completely avoid the obligation to reimburse the DSS for Medicaid assistance already paid for the care of the institutionalized spouse because Social Services Law § 366-c has no implied contract provision. However, there is no indication that this amendment was intended to alter legal liability of any responsible third party to reimburse Medicaid for care, which is the cornerstone of the Medicaid program. Social Services Law § 366-c is the State corollary to the Medicare Catastrophic

Coverage Act (MCCA) (42 USC 1396r-5, as added by Pub L 100-360, 102 US Stat 754) that was enacted by Congress in 1988, "to address a perceived flaw in the Medicaid program which compelled a couple to liquidate virtually all of their joint resources before the institutionalized spouse could become eligible for Medicaid * * * [leaving the community spouse] with little or no income to meet his or her daily needs" (*Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 659; *see also, Matter of Schachner v Perales*, 85 NY2d 316, 323). As noted by Judge Smith in *Matter of Golf (supra,* at 665), "the MCCA * * * was not intended to offer a financial boon for applicants or to provide a route upon which one could bypass the obligation to contribute one's fair share of the costs associated with nursing home care." In determining whether an institutionalized spouse is eligible for Medicaid pursuant to section 366-c, a community spouse is allotted a minimum level of monthly income and a "community spouse resource allowance." Only resources of the couple in excess of the "community spouse resource allowance" are taken into account in determining the institutionalized spouse's eligibility for Medicaid (42 USC § 1396r-5 [d] [3]; Social Services Law § 366-c [2] [d]).

Since it is clear that defendant has resources that exceed his community spouse resource allocation of $74,820, he may be compelled to pay for his wife's care. Therefore, DSS may properly bring an action to recover the cost of Medicaid benefits paid for the care of the institutionalized spouse to the extent that the community spouse has available resources as set forth in Social Services Law §§ 101, 104, 366 (3) (a) and § 366-c.

We have considered defendant's argument to the effect that recovery from one spouse for care rendered to the other is against public policy since it would encourage divorce and find such argument to be without merit. "The public policy of the State is what the Legislature says it is, where the Legislature has spoken" (*Matter of Steinberg v Steinberg*, 18 NY2d 492, 497). Any argument for change in the statutory scheme must be addressed to the Legislature.

Accordingly, the order of the Supreme Court, New York County (Jane Solomon, J.), entered on or about February 18, 1997, which denied defendant's motion to dismiss the complaint for failure to state a cause of action, should be affirmed, without costs.

SULLIVAN, MILONAS, ELLERIN and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered on or about February 18, 1997, affirmed, without costs.