In the Matter of the Estate of Lois KLINK, Deceased. WENDY H. BOURGEOIS, as Commissioner of Cattaraugus County Department of Social Services, Respondent-Appellant; JOAN HARGIS, as Executrix of LOIS KLINK, Deceased, Appellant-Respondent. [718 NYS2d 758] —Amended decree and order unanimously modified on the law and as modified affirmed without costs and matter remitted to Cattaraugus County Surrogate's Court for further proceedings in accordance with the following Memorandum: Claimant, the Cattaraugus County Department of Social Services (DSS), seeks to recoup from respondent, the executrix of the Estate of Lois Klink, $72,787.37 in Medicaid benefits paid by DSS for the nursing home care of Lois Klink's husband, Walter Klink. Respondent appeals from a decree and order of Surrogate's Court that was superseded by an amended decree and order. In the exercise of our discretion, we treat the appeal as taken from the amended decree and order (*see, CPLR 5520 [c]). DSS cross-appeals from the amended decree and order. Respondent contends that the court erred in directing her to reimburse DSS for the Medicaid benefits, while DSS contends that the court erred in awarding it interest at less than the statutory rate and only from the date of the hearing of this matter.

The court properly determined that DSS is entitled to reimbursement of the Medicaid benefits from the Estate of Lois Klink, who was a "responsible relative" of the recipient and who had sufficient income and resources to provide medical assistance for him (*see,* Social Services Law § 101 [1], [2]; § 104 [1]; § 366 [3] [a]; § 369 [2] [b] [ii]; *Commissioner of Dept. of Social Servs. of City of N. Y. v Fishman,* 275 AD2d 599; *Commissioner of Dept. of Social Servs. of City of N. Y. v Spellman,* 243 AD2d 45, 47-49; *Matter of Imburgia,* 130 AD2d 658, 658-659; *see also, Matter of Kummer,* 93 AD2d 135, 178-181; *see generally, Matter of Shah,* 95 NY2d 148, 160-162; *Matter of Craig,* 82 NY2d 388, 391-392).

The court erred, however, in awarding DSS interest at the rate of only 6%. Pursuant to CPLR 5004, "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." Further, DSS should have been awarded predecision interest on its claim, which seeks recoupment on a

statutory theory of "implied contract" (*see,* Social Services Law § 366 [3] [a]). A party recovering damages on a claim for breach of an implied contract is entitled to predecision interest (*see, Frederick v Clark,* 162 AD2d 863, 864-865, *lv denied* 76 NY2d 711, citing *Village of Elmira Hgts. v Town of Horseheads,* 234 App Div 270, *affd* 260 NY 507; *Isaacs v Incentive Sys.,* 52 AD2d 550, 551; *Matter of Kummer, supra,* at 182-183). We thus modify the amended decree and order by vacating those provisions of the ordering and decretal paragraph awarding DSS interest at 6% per annum from June 1, 1999, and by awarding interest at the rate of 9% from the date of each separate payment of medical assistance or, if such dates cannot be ascertained with precision, from the date of death of the recipient or some other "single reasonable intermediate date" upon which damages might be deemed to have been incurred (CPLR 5001 [b]; *see, Matter of Kummer, supra,* at 184-187; *Matter of Stewart,* 110 Misc 2d 756, 757), and we remit the matter to Cattaraugus County Surrogate's Court to determine the interest to be awarded. (Appeals from Amended Decree and Order of Cattaraugus County Surrogate's Court, Himelein, S.—EPTL.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.