■ COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant, v ELIZABETH FISHMAN, Respondent. [720 NYS2d 493] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered November 23, 1998, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

This is an action by the Commissioner of the Department of Social Services of the City of New York (DSS) seeking reimbursement from defendant of Medical Assistance benefits totaling $221,651.45 paid on behalf of her husband, Samuel Fishman, now deceased, from May 27, 1993 through January 15, 1997, while he was a patient in a residential health care facility. Since this is a motion to dismiss pursuant to CPLR 3211, the factual allegations of the complaint are deemed true. (*Commissioner of Dept. of Social Servs. of City of New York v Spellman*, 243 AD2d 45, 46.) At the time Mr. Fishman, the "institutional spouse," was determined eligible for assistance, DSS examined the respective incomes and resources of the Fishmans and determined that defendant, the "community spouse," had a monthly income exceeding the "Maximum Monthly Maintenance Needs Allowance" by $537.48, and excess resources in the amount of $421,807.59. On or about August 25, 1993, defendant expressly refused to provide for her husband's care by signing a "DECLARATION OF THE LEGALLY RESPONSIBLE RELATIVE" stating that she "refuse[d] to make [her] income and/or resources available" for her husband's medical care. This form warned that "Legally responsible relatives may be taken to court for failure to support their spouses or minor children."

By letters dated December 7, 1994 and February 6 and October 3, 1995, DSS demanded, respectively, $65,991.93, $106,022.59 and $106,022.59, advising defendant that it was authorized to seek recovery from a person who fails or refuses to contribute toward the medical support of his/her spouse and that, according to DSS's records, she possessed excess assets in the amount of approximately $421,807.59. The letters "invite[d]" defendant to contact its attorney if she disputed the accuracy or correctness of the contents of the letters and warned her that if she failed to respond within 15 days it would have "no alternative but to take immediate legal action" to obtain reimbursement of Medicaid payments.

DSS received no response and, less than two months after Mr. Fishman died, commenced this action on or about March 6, 1997, seeking recoupment of its payments under the implied

contract theory set forth in Social Services Law § 366 (3) (a). That section provides, in pertinent part, that "the furnishing of [medical assistance to applicants] shall create an implied contract with [a responsible relative with sufficient income and resources to provide medical assistance] and the cost thereof may be recovered from such relative in accordance with title six of article three and other applicable provisions of law." (*See also*, Social Services Law §§ 101, 102, 104.) Defendant moved to dismiss the complaint for failure to state a cause of action, contending that DSS failed to plead the statutorily required conditions precedent to the formation of an implied contract, i.e., "sufficient ability" (Social Services Law § 101 [1]) and "sufficient income and resources" (Social Services Law § 366 [3] [a]). The IAS Court granted the motion, agreeing that DSS had failed to plead the required conditions precedent since it failed to. allege either that defendant had income exceeding the Maximum Monthly Maintenance Needs Allowance or resources in excess of the Maximum Community Spouse Resource Allowance at any time that DSS actually furnished assistance to Mr. Fishman. Defendant's income and resources, the court noted, had been calculated only at the time DSS initially determined that Mr. Fishman was eligible for assistance. The court concluded that to adopt the position that the initial determination satisfied the requirement of establishing sufficient ability would be contrary to *Matter of Steuben County Dept. of Social Servs. v Deats* (76 NY2d 451) and *Matter of Craig* (82 NY2d 388). We reverse.

The complaint alleges, *inter alia*, that DSS provided Medical Assistance payments for defendant's husband, that defendant was legally required to provide support for him, that she possessed total resources which exceeded the allowable resource level and that, although a request was made, she refused to perform her obligations to provide for her husband's care. Since the pleading is to be afforded a liberal construction (*see, Leon v Martinez*, 84 NY2d 83, 87) and affidavits may remedy pleading defects (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 635), these allegations, together with the documentary evidence attached to plaintiff's affirmation in opposition to the motion to dismiss, which shows that, at the time defendant's husband's eligibility for assistance was determined, defendant had excess income in the amount of $537.48 per month, are sufficient to plead a cause of action under Social Services Law § 366 (3) (a).

We are unable to agree that an initial determination of the community spouse's income and resources is insufficient to satisfy the provisions of the Social Services Law and that the

complaint is therefore defective. Section 366 (3) (a) of the Social Services Law provides: "Medical assistance shall be furnished to applicants in cases where, although such applicant has a responsible relative with sufficient income and resources to provide medical assistance as determined by the regulations of the department, the income and resources of the responsible relative are not available to such applicant because of the absence of such relative or the refusal or failure of such relative to provide the necessary care and assistance. In such cases, however, the furnishing of such assistance shall create an implied contract with such relative, and the cost thereof may be recovered from such relative in accordance with title six of article three and other applicable provisions of law."

Since "the furnishing of such assistance" to an applicant who has a "responsible relative with sufficient income and resources * * * as determined by the regulations of the department" who has failed or refused to provide assistance "create[s] an implied contract with such relative," the implied contract is created at the time the responsible relative refuses to make his or her income and/or resources available to provide care for the institutionalized spouse. A contrary interpretation would engraft on to the statute a requirement that DSS make continual reassessments of the responsible spouse's ability to pay.

Here, DSS's right to recover accrued and the implied contract with defendant was created when she refused to make her income and resources available for her husband's support, at the approximate time that DSS examined her income and resources and found that she was sufficiently able to pay for her husband's care. At no time did defendant either challenge the DSS's assessment (see, Social Services Law § 366-c [8] [a], [b], [c]) or respond to the letters sent in 1994 and 1995 advising her that legal action would be taken if she failed to respond.

The question presented in *Matter of Craig* (82 NY2d 388, *supra*) was whether the Wayne County Department of Social Services could recoup Medicaid payments provided to a man whose wife, at the time the payments were made, and for the balance of her life, lacked sufficient means to be considered a responsible relative. The wife's estate, however, consisted of assets in excess of the amount of Medicaid payments made on behalf of the husband. The Court of Appeals held that "[n]o express, implied or statutory obligation devolved on [the wife's] estate in these circumstances, for she concededly had insufficient means and resources at the time of the accrual of the Medicaid bill for her husband." (82 NY2d, at 394.) While defendant relies on the Court's statement in *Craig* that a " 'respon-

sible relative' * * * is determined by the sufficient ability to pay at the time the expenses are incurred" (at 392), this statement does not stand for the broad proposition that DSS must continue to monitor the responsible relative's ability throughout the period care is provided where its right to recover accrued upon the community spouse's refusal to support the institutionalized spouse.

Defendant's reliance on *Matter of Steuben County Dept. of Social Servs. v Deats* (76 NY2d 451, *supra*) is similarly misplaced. In that case, the Steuben County Department sought to recover from an unwed father for medical care of both the mother and child in connection with the birth. As was the case in *Matter of Craig*, there was no refusal to pay on the part of the responsible party, and it was undisputed that he was without sufficient income and resources at the time the expenses were incurred.

Reargument granted, and upon reargument, the Decision and Order of this Court entered herein on September 7, 2000 (275 AD2d 599) is hereby recalled and vacated. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.