OPINION OF THE COURT
Thomas P. Phelan, J.
Motion by plaintiff Peter Clement, Ph.D., Acting Commissioner of the Department of Social Services of the County of Nassau, for an order pursuant to CPLR 3211 (b) dismissing the affirmative defense of defendant Casey Montwill on the grounds *525 that it fails to state a valid defense is granted and the affirmative defense is dismissed. Cross motion by defendant Casey Montwill for summary judgment dismissing the action on the grounds that plaintiff failed to comply with a condition precedent to suit is denied as moot in light of the disposition regarding this defense on the main motion.
In this action the Nassau County Commissioner of Social Services seeks to recover of defendant Casey Montwill (Montwill or community spouse) Medicaid medical assistance provided to his wife, Muriel Montwill, from the period March 7, 1997 through March 28, 2002 pursuant to sections 101, 102, and 366 (3) (a) of the Social Services Law. Montwill asserts an affirmative defense alleging that the Commissioner may not commence any action against him until the Department of Social Services (DSS) has made an investigation and finding as to whether recovery would cause him “undue hardship” as outlined in Social Services Law § 369 (5).
The complaint alleges that Montwill signed the application of Muriel Montwill for Medicaid medical assistance which provides for an assignment by Muriel Montwill of her rights “to pursue support from persons having a legal responsibility for [her] support.” The application acknowledges that the department may require an assignment of “excess resources.”
The complaint alleges that at the time of the application the combined resources of the recipient Muriel Montwill and her husband, a community spouse, totaled $322,988.39, and that said sum exceeded eligibility resource allowances by $237,518.39. Defendant, by letter dated March 14, 1997, refused to contribute or pay for the services provided to his wife. He also refused to respond or acknowledge correspondence from the department dated September 13, 2000, December 20, 2002, April 22, 2003, July 31, 2003, December 8, 2003, April 27, 2004, September 21, 2004, November 4, 2004, and failed to appear for two scheduled in person meetings on May 14, 2003 and August 13, 2003. Upon this last refusal of defendant to respond, this action was commenced.
Medicaid is a “jointly funded Federal and State medical assistance program” which pays for “necessary medical care for qualifying indigent individuals, whose income and resources are insufficient to meet the costs of their medical care (42 USC § 1396 et seq.; Social Services Law § 363 et seq.)” (Matter of Costello v Geiser, 85 NY2d 103, 105 [1995]). Social Services Law § 366 (3) (a) provides:
*526 “Medical assistance shall be furnished to applicants in cases where, although such applicant has a responsible relative with sufficient income and resources to provide medical assistance as determined by the regulations of the department, the income and resources of the responsible relative are not available to such applicant because of the absence of such relative or the refusal or failure of such relative to provide the necessary care and assistance. In such cases, however, the furnishing of such assistance shall create an implied contract with such relative, and the cost thereof may be recovered from such relative in accordance with title six of article three and other applicable provisions of law” (emphasis supplied).
As defendant is alleged to be a responsible relative with sufficient income and resources, under the quoted provision there is an implied contract to pay the cost of Muriel’s medical assistance in accordance with title 6 of article 3, and other applicable provisions of law. Pursuant to the State’s obligation to seek repayment from responsible third parties under the quoted provision “the applicable provisions of law . . . are Social Services Law §§ 101, 102, and 104” (Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman, 243 AD2d 45, 48 [1st Dept 1998]). Specifically section 101 (1) and (2), which address liability of relatives, state in relevant part that “[e]xcept as otherwise provided by law, the spouse . . . of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person” and that the public welfare district may enforce such liability “by appropriate proceedings and actions in a court of competent jurisdiction.”
As plaintiff has alleged that defendant has sufficient income and resources, and has excess resources in the amount of $237,518.39, as well as a monthly income above the minimum required for eligibility, the complaint states a valid cause of action enforceable against defendant (see, Commissioner of Dept. of Social Servs. of City of N.Y. v Fishman, 280 AD2d 396, 398-399 [1st Dept 2001] [right to recover accrues and the implied contract with defendant is created when he refuses to make his income and resources available for his wife’s support at the approximate time that DSS examines his income and resources and finds that he was sufficiently able to pay]).
With respect to the affirmative defense that plaintiff must make a determination that no undue hardship will result to de *527 fendant before suit may be commenced, defendant has cited no authority to support such requirement and the court rejects such contention as a matter of law.
Defendant’s reliance upon subdivision (5) of section 369 is misplaced. That subdivision recites:
“The requirements of this section with respect to adjustments and recoveries of medical assistance correctly paid shall be waived in cases of undue hardship, as determined pursuant to the regulations of the department in accordance with criteria established by the secretary of the federal department of health and human services.” (Social Services Law § 369 [5] [emphasis supplied].)
Waiver in the case of undue hardship as outlined in section 369 (5) explicitly limits its application to the requirements of section 369, which does not address actions to recover for medical assistance against a responsible third party with sufficient ability to pay. It addresses liens upon real property and actions against a trustee (Social Services Law § 369 [2] [a]; [3]). As noted above, the provisions governing recovery here pursuant to Social Services Law § 366 (3) (a) are Social Services Law §§ 101, 102, and 104 (Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman, supra).
Even were the court to credit the legally unsupported contention that defendant could avail himself of the undue hardship provisions of section 369 (5), a determination that no undue hardship exists is not a condition precedent to suit. The State Legislature enacted subdivision (5) of Social Services Law § 369 in 1994, and it provides for a “waiver of recovery ‘in cases of undue hardship, as determined pursuant to the regulations of the department in accordance with criteria established by the secretary of the federal department of health and human services’ (L 1994, ch 170, § 452)” (Matter of Cox, 180 Misc 2d 83, 85 [Sur Ct, Cattaraugus County 1999]).
In Matter of Cox the court held that in the absence of regulations addressing hardship waivers under Social Services Law § 369 (5), “section 3810 (C) of the State Medicaid Manual” constitutes the “best procedure to follow” (supra at 87). The court addressed the requirements of the State Medicaid Manual, stating:
“The Manual notes that the legislative history requires that special consideration be given in cases where the estate subject to recovery is (1) the sole *528 income-producing asset of the survivors, (2) a homestead of modest value, or (3) other compelling circumstances exist (§ 3810 [C] [1]). HCFA suggests that States ‘consider’ these examples but does not require that they be incorporated into State regulations (ibid.). The Manual also requires that the States adopt procedures that would permit affected individuals to apply for an undue hardship waiver (§ 3810 [D])” (supra at 85).
Thus, an applicant must apply for an undue hardship waiver, and the Department of Social Services need not conduct an investigation absent such application. Any other procedure, such as a condition precedent requiring an investigation in every case, would be a waste of public resources. As the regulations do not provide for a definition of undue hardship as outlined in Social Services Law § 369 (5), the rule established under Matter of Cox (supra) is applicable. The regulation defining “undue hardship” cited by plaintiff refers to eligibility requirements or transfers of assets, not recovery from responsible third parties (see, 18 NYCRR 360-4.10 [a] [12]; [c] [3]; 360-4.4).
In light of defendant’s refusal to respond to the repeated inquiries of the Department of Social Services, and his failure to appear in person for meetings regarding his obligations under the applicable statutes, even if he had the right to seek a waiver under section 369 (5), which he does not since it is not applicable, his conduct does not evidence any intent to make application under any provision (see e.g., 18 NYCRR 360-4.10 [c] [1] [iii] [right to fair hearing if a spouse is dissatisfied with the determination of monthly income allowance, the amount available to the community spouse, the amount of resources, or the determination of the community spouse resource allowance]).
In sum, section 369 (5) is inapplicable in this action and does not constitute a condition precedent to suit.
Accordingly, plaintiffs motion to dismiss defendant’s affirmative defense is granted and defendant’s cross motion for summary judgment premised thereon is denied.