■ ROBERT SHERMAN, Respondent, v LIBRA DEROSA, Appellant. [825 NYS2d 525]—

In an action to recover medical assistance benefits paid on behalf of the defendant's institutionalized spouse, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated September 22, 2005, which granted the plaintiff's motion to dismiss her affirmative defenses.

Ordered the order is affirmed, with costs.

The plaintiff, the Commissioner of the Department of Social Services of the County of Nassau (hereinafter DSS), seeks to recover from the defendant the sum of $108,619.05 in Medicaid benefits it paid for the nursing home care of the defendant's late husband. The complaint alleges that DSS provided medical assistance payments for the defendant's husband, that the defendant was legally required to provide support for him, and that the defendant possessed total resources in excess of the allowable resource level but refused to provide for her husband's care. The Supreme Court dismissed all nine of the affirmative defenses asserted by the defendant in her amended verified answer.

The seventh and eighth affirmative defenses were properly dismissed since the plaintiff's claim is not barred by the doctrines of res judicata or collateral estoppel. The claim for reimbursement being asserted against the defendant was not

raised or decided on the merits in a prior guardianship proceeding, nor did plaintiff have a full and fair opportunity to contest the issue in that proceeding (*see Buechel v Bain,* 97 NY2d 295 [2001]; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343 [1999]). The remaining affirmative defenses were also properly dismissed since DSS is authorized to bring an action to recover the cost of Medicaid benefits paid for the care of the defendant's spouse to the extent that the defendant, a responsible relative, has available resources (*see* Social Services Law §§ 104, 366 [3]; *Commissioner of Dept. of Social Servs. of City of N.Y. v Fishman,* 280 AD2d 396 [2001]; *Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman,* 243 AD2d 45 [1998]; *Matter of Klink,* 278 AD2d 883 [2000]). Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.