In the Matter of the Estate of LEON SCHNEIDER, Deceased. BETH SCHNEIDER, Appellant; NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [894 NYS2d 162]—

In a probate proceeding in which the executrix petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of Leon Schneider, the petitioner appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated January 22, 2008, as denied that branch of the petition which was to invalidate a claim of the Nassau County Department of Social Services, and

granted the petition only to the extent of determining that the estate is not obligated pay so much of that claim as would impinge on a specific bequest to contingent legatee Marc Schneider.

Ordered that the decree is modified, on the law, by deleting the provision thereof granting the petition only to the extent of determining that the estate is not obligated to pay so much of the claim of the Nassau County Department of Social Services as would impinge on a specific bequest to contingent legatee Marc Schneider, and substituting therefor a provision granting the petition to the extent of decreeing that the sum of $279,883 shall be paid by the estate to the Nassau County Department of Social Services in full satisfaction of that claim; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Leon Schneider (hereinafter Leon), and his wife, Zeena Schneider (hereinafter Zeena), had two children, one of whom, Marc Schneider (hereinafter Marc), is severely mentally disabled. In December 1995 Leon executed a declaration pursuant to which he refused to make his resources available for Zeena's medical care. By means of a power of attorney, he also executed, on Zeena's behalf, an assignment to the Nassau County Department of Social Services (hereinafter DSS) of her right to seek support from him. On June 10, 1996, Zeena, who had Alzheimer's disease, was placed in a nursing home and began receiving Medicaid benefits, leaving Leon as the "community spouse" within the meaning of the federal Medicaid statute (see 42 USC § 1396r-5 [h] [2]).

Leon died testate on October 3, 2002. His will, offered for probate, provided that his residuary estate would go to Zeena in a special needs trust, and that, upon her death, the remaining trust funds were to be distributed in specific bequests to contingent legatees, which included a bequest in the sum of $15,000 to Marc, which was to be placed in a special needs trust for Marc's benefit. A guardian ad litem was appointed for Zeena in this probate proceeding, and he was directed to exercise Zeena's right of election against Leon's estate. However, Zeena died on December 3, 2003, before the guardian ad litem could exercise that right.

DSS filed a claim against Leon's estate in the sum of $386,382.77 to recoup Medicaid benefits it provided to Zeena from June 10, 1996, to October 3, 2002, the date of Leon's death. The claim was rejected by Leon's estate. The petitioner, as executor of Leon's estate, then petitioned the Surrogate's Court to determine the validity of DSS's claim. The Surrogate's Court

denied that branch of the petition which was to invalidate the claim, and determined that the claim is valid and must be paid by the estate, except that it granted the petition only to the extent of determining that the estate is not obligated to pay so much of the claim as would impinge on the specific bequest to Marc. The petitioner appeals, and we modify the decree.

Contrary to the petitioner's contention, DSS may recover, from the estate of the community spouse, the cost of Medicaid benefits paid for the care of an institutionalized spouse, so long as the community spouse was a "responsible" relative pursuant to Social Services Law § 101, in that he or she possessed sufficient means to pay the institutionalized spouse's medical expenses at the time when the expenses were incurred (*see Matter of Tomeck*, 8 NY3d 724, 739-740 [2007]; *Matter of Craig*, 82 NY2d 388, 393-394 [1993]; *Matter of Klink*, 278 AD2d 883 [2000]; *see also Matter of Shah [Helen Hayes Hosp.]*, 95 NY2d 148 [2000]; *Sherman v DeRosa*, 34 AD3d 782, 783 [2006]; *Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman*, 243 AD2d 45, 48-49 [1998]; 42 USC § 1396k [a] [1] [A]; § 1396a [a] [25]; § 1396r-5 [c] [2]; Social Services Law §§ 101, 366 [3]).

Moreover, the limitation on recoveries from a Medicaid recipient's estate where the recipient is survived by a permanently disabled child (*see* 42 USC § 1396p [b] [2]; Social Services Law § 369 [2] [b] [ii]; *Matter of Andrews*, 234 AD2d 692, 692-693 [1996]; *Matter of Samuelson*, 110 AD2d 187, 192-197 [1985]; *Matter of Burstein*, 160 Misc 2d 900, 901-902 [1994]) is inapplicable here, where the DSS does not seek recovery from the estate of the institutionalized spouse for medical benefits that it furnished to her pursuant to Social Services Law § 366 (3) but, rather, seeks recovery from the estate of the community spouse (*see* Social Services Law § 369 [2] [b] [ii]).

Assessment of the community spouse's means is made at the time when the institutionalized spouse applies for benefits (*see Matter of Tomeck*, 8 NY3d at 733; *Commissioner of Dept. of Social Servs. of City of N.Y. v Fishman*, 280 AD2d 396, 398 [2001]). The Medicaid worksheet prepared by DSS in conjunction with Zeena's application for Medicaid benefits shows that, at the time that Zeena applied to DSS for Medicaid benefits, Leon possessed resources in the sum of $268,048 in excess of the community spouse resource allowance (hereinfter CSRA), and earned the sum of $157.80 in monthly income in excess of the minimum monthly maintenance needs allowance (hereinafter MMMNA). Leon failed to seek a fair hearing to challenge the adequacy of the MMMNA or CSRA at the time of assessment (*see* 42 USC § 1396r-5 [e]; Social Services Law § 366-c [8])

and, thus, the executor of his estate is foreclosed from doing so now.

Since Leon had excess resources at the time of Zeena's application for Medicaid benefits, he was a "responsible" relative pursuant to Social Services Law § 101. Consequently, an implied contract to reimburse DSS for his wife's medical expenses was created (*see* Social Services Law §§ 101, 366 [3]; *Matter of Tomeck*, 8 NY3d at 739, 740; *Matter of Shah [Helen Hayes Hosp.]*, 95 NY2d at 161; *cf. Matter of Craig*, 82 NY2d at 393-394). However, DSS may recoup benefits paid only to the extent that Leon, as a responsible relative, had "available resources" (*Sherman v DeRosa*, 34 AD3d at 783; *see Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman*, 243 AD2d at 49). Accordingly, DSS may recover only the excess resources and the 75 monthly contributions it made to cover those of Zeena's medical expenses for which Leon was responsible (*see* 42 USC § 1396r-5 [c] [2]; [d]), that is, the sum of $279,883. Therefore, we modify the decree so as to grant the petition to the extent of decreeing that the sum of $279,883 shall be paid by the estate to DSS in full satisfaction of its claim. Covello, J.P., Santucci, Miller and Eng, JJ., concur.