■ In the Matter of the Estate of JASPER A. STEELE, Deceased. KATHERINE E. HARGIS, as Executor of the Estate of JASPER A. STEELE, Deceased, Respondent; SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [925 NYS2d 250]—

Rose, J.P. Appeal from an order of the Surrogate's Court of Saratoga County (Seibert, Jr., S.), entered March 23, 2010, which dismissed respondent's objections to petitioner's accounting.

Decedent's wife entered a nursing home in July 1998, at

mental disorders could affect the child's innate abilities and opportunities in life.

which time she applied for Medicaid and he—as the community spouse—filed a spousal refusal letter, declining to make his income and resources available for her care (*see* Social Services Law § 366 [3] [a]). Respondent reviewed the couple's income and resources, calculated decedent's resources in excess of his community spouse resource allowance and the amount of excess income to be contributed to his wife's care (*see* 42 USC § 1396r-5 [d] [3]; [f] [2]; Social Services Law § 366-c [2] [d], [h]), and approved the Medicaid application. Decedent died in November 2001. Respondent then filed objections to the final accounting of decedent's estate seeking to recover the total cost of Medicaid benefits paid for his wife's care during his lifetime pursuant to the implied contract created by Social Services Law § 366 (3) (a). Respondent also claimed that certain assets that should have been available to pay the cost of her medical care were fraudulently conveyed by decedent in violation of Debtor and Creditor Law § 273. Those assets were an annuity purchased eight months prior to the Medicaid application, a lakeside summer camp conveyed in January 1999 to decedent's children for no consideration with a life estate retained, and an automobile gifted to his caregiver just prior to his death. Surrogate's Court rejected the claims, based in part on its finding that the transfers did not render decedent insolvent. The court also limited respondent's recovery to the excess resources and the available income for the period between the wife's entry into the nursing home and decedent's death.

On appeal, respondent argues that the conveyances were fraudulent pursuant to Debtor and Creditor Law §§ 274, 275 and 276. At oral argument, however, respondent conceded that Debtor and Creditor Law § 274 does not apply. As for the other two sections, they were not raised before Surrogate's Court and, thus, claims based upon them are unpreserved for our review (*see* CPLR 5501 [a] [3]; *Dunn v Northgate Ford, Inc.*, 16 AD3d 875, 878 [2005]). To the extent that respondent may have raised these statutes in a separate Supreme Court action, there is no order in the record consolidating that action with this proceeding. Nor is there any order from that action on appeal. Similarly, petitioner's argument that the fraudulent conveyance claims are barred by the statute of limitations was not raised in the context of this proceeding before Surrogate's Court, and we will not consider it.

That leaves us with respondent's claim of fraudulent conveyance pursuant to Debtor and Creditor Law § 273, pursuant to which any conveyance made without fair consideration that renders a person insolvent at the time of the transfer is

considered fraudulent as to creditors without regard to actual intent (*see Murin v Estate of Schwalen*, 31 AD3d 1031, 1032 [2006]; *Gallagher v Kirschner*, 220 AD2d 948, 949 [1995]). A person is considered insolvent when "the present fair salable value of his [or her] assets is less than the amount that will be required to pay his [or her] probable liability on . . . existing debts as they become absolute and matured" (Debtor and Creditor Law § 271 [1]).

Applying this statutory framework to the annuity, its purchase cannot be considered fraudulent as there was no "existing debt" at the time and decedent received fair consideration in return (*see* Debtor and Creditor Law § 271 [1]). With respect to the car and camp, petitioner had the burden of establishing solvency because these two assets were transferred without fair consideration (*see Matter of Shelly v Doe*, 249 AD2d 756, 757 [1998]). The evidence in the record reflects that decedent remained solvent at the time the camp was transferred as his remaining resources were greater than the amount owed pursuant to the implied contract, which was his only apparent debt. As noted by Surrogate's Court, the value of the camp was considered a resource in respondent's budget worksheet and the figures relied on in the worksheet reveal that decedent had sufficient resources to cover the cost of medical care at the time the camp was transferred, six months after the Medicaid application.

We find no record evidence, however, to sustain a finding that decedent remained solvent when he transferred the car to his caregiver. Petitioner made no effort to establish solvency at that time, which was just prior to decedent's death and when his wife had been receiving Medicaid assistance for over three years, arguing instead that the car was an exempt asset that, having been transferred prior to decedent's death, could not be considered part of the estate. Although we agree that it was exempt from being considered a resource at the time of the Medicaid application (*see* 18 NYCRR 360-4.7 [a] [2] [iv]), it ceased to be exempt once it was transferred without consideration (*see e.g. Crabb v Estate of Mager*, 66 AD2d 20, 23-24 [1979]), and its value may be recovered from the estate. At the time of his death, decedent had assets of $87,889.28 according to the account filed in the judicial settlement proceedings. This figure is less than his existing debts of approximately $1,700 in creditor's claims listed in the same accounting and $87,150.57 owed for his wife's medical care. As petitioner failed to establish that decedent had sufficient remaining assets to be considered solvent, respondent's objection to the transfer of the car as fraudulent pursuant to Debtor and Creditor Law § 273 should

have been granted (*see Miner v Edwards*, 221 AD2d 934, 935 [1995]).

With respect to the amount of recovery, we agree with Surrogate's Court that respondent is entitled to decedent's "available resources," which is an amount consisting of his excess resources calculated at the time of the application and his excess income for the 39 months between his wife's entry into the nursing home and decedent's death (*see* Social Services Law §§ 104, 366 [3]; *Matter of Schneider*, 70 AD3d 842, 844-845 [2010], *lv denied* 15 NY3d 709 [2010]; *Sherman v DeRosa*, 34 AD3d 782, 783 [2006]; *Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman*, 243 AD2d 45, 49 [1998]; *see also Wojchowski v Daines*, 498 F3d 99, 103 [2007]).

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed respondent's objection to the transfer of decedent's vehicle as a fraudulent conveyance; objection granted, matter remitted to the Surrogate's Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.